# 𝔚𝔶𝔱𝔥𝔢𝔟𝔦𝔩𝔩𝔢

## DAVID STRANGE AND ROBERT LEE MORSE v. COMMONWEALTH OF VIRGINIA.

June 22, 1944.

Record No. 2843.

Present, All the Justices.

The opinion states the case.

*Whitehead & Marshall,* for the plaintiffs in error.

*Abram P. Staples, Attorney General,* and *G. Stanley Clarke, Assistant Attorney General,* for the Commonwealth.

HUDGINS, J., delivered the opinion of the court.

This writ of error brings under review the proceedings of a trial in which David Strange and Robert Lee Morse were convicted of illegally manufacturing alcoholic beverages, sentenced to six months' confinement in jail and fined $100 each.

Defendants contend that the Commonwealth failed to establish the *corpus delicti.*

Three officers, armed with a search warrant, searched the farm operated by Robert Lee Morse. They found the following articles within a few hundred yards of the dwelling occupied by Morse, his wife and several small children: (1) A barrel half full of mash under fodder and corn stalks in an old barn; (2) down the hollow from the barn, on the branch where horses and cattle were watered and the family washing was done, were found ashes covered with newly cut honeysuckle vines, indicating that the site had been used

for the operation of a still; (3) some distance beyond this site a copper still was found hidden in a straw rick; and (4) several jars and jugs smelling of whiskey were found in and near the dwelling, and smears of mash were observed on the outside of several of the jars. David Strange stated to the officers that he had found the still and the night before had made about a gallon of whiskey, which had been drunk at a party given by him.

The manufacture of alcoholic beverages, within the purview of the statute, is a continuing process. It includes active efforts and means employed in producing or creating the beverage. The uncontradicted testimony of the officers proves that some one had collected in a small area all the necessary means to make alcoholic beverages. Additional mash was in the process of fermentation. The ashes near the branch, the odor of whiskey in the jars and the smeared mash on the outside of the jars indicate that the means then scattered had been brought together and used for the purpose of producing whiskey—the completed act prohibited by statute. The extra-judicial confession of Strange, plus the substantial corroborative circumstances, not only establishes the *corpus delicti* beyond a reasonable doubt but likewise identifies the criminal agent. See *Cleek* v. *Commonwealth*, 165 Va. 697, 181 S. E. 359.

Robert Lee Morse contends that the evidence is insufficient to convict him of aiding and abetting in the manufacture.

Morse had been plowing some distance away, but he came home immediately after the officers had completed their search. He was told what they had found and was placed under arrest. He told the officers that he had not made any whiskey and that the articles found did not belong to him, but that he knew the guilty person. He readily consented to take the officers to the place where this person was working. The officers, with Morse in custody, went to another farm in the neighborhood and found David Strange at work. Morse told Strange, "The fellows know everything and you tell them about it." David Strange then

told the officers that he had found the still the day before and that he had made one gallon of whiskey the night before, after which he hid the still in the straw rick. He gave a party that night and all the whiskey was consumed. He further stated that Morse had nothing to do with the still, the mash or the jars. This admission to the officers corroborates the testimony of Morse.

The evidence relied upon by the Commonwealth is the fact that the articles were all found within 930 feet of Morse's home and that they were concealed on the farm operated by him. One of the officers testified that Morse said that he had nothing to do with the making of the liquor but knew it was being made "and had a party and drank it up." Morse denied that he had had a party or that he had taken a drink of the whiskey made by Strange, and stated that he knew nothing about the manufacture of the whiskey other than what Strange had told him. Even if the officers are correct in their recollection of what Morse stated to them—namely, that he had taken a drink of the whiskey made by Strange—this is not sufficient to convict him of aiding and abetting.

The evidence for the Commonwealth creates a strong suspicion that Morse did participate in the manufacture of the liquor, but its probative value is insufficient to establish his guilt beyond a reasonable doubt. Mere probabilities and suspicions will not support a conviction of a criminal offense.

The judgment of the trial court is affirmed as to David Strange. As to Robert Lee Morse, the judgment is reversed, the verdict set aside, and the prosecution as to him is dismissed.

*Affirmed as to David Strange.*
*Reversed and prosecution dismissed*
*as to Robert Lee Morse.*