DEWEY W. FOWLKES v. COMMONWEALTH OF VIRGINIA.

March 9, 1953.

Record No. 4063.

Present, All the Justices.

The opinion states the case.

*W. E. Neblett,* for plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General,* and *Frederick T. Gray, Assistant Attorney General,* for defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The defendant, Dewey W. Fowlkes, having waived a jury, was tried by the court and found guilty of driving an automobile while under the influence of intoxicants. Code 1950, § 18-75. He was sentenced to sixty days in jail, fifteen of which were to be

served and the balance suspended for three years. On this appeal he claims that the judgment was without evidence to support it.

The evidence consisted only of the testimony of a State trooper, which was certified in narrative form as follows:

"After being duly sworn, G. L. Harvey, a State Trooper, testified: That on Sunday, February 3, 1952, at 3:50 p.m. on that day, he was traveling west on Main Street in the town of Blackstone, Virginia, and that some person who was coming in the direction from the scene of the accident reported to him that an accident had occurred about a mile south of Blackstone on State Highway No. 40 and that he immediately went to the scene of the accident taking only a few minutes, possibly five minutes, to arrive at the scene; he observed a vehicle turned upside down on the right side of the highway and off the lane of traffic which had skidded about thirty feet; and the defendant, Dewey W. Fowlkes, was there together with a white man and a colored woman; the defendant's lip was slightly mashed, he could smell the odor of alcohol, he staggered slightly and all three appeared to be under the influence of intoxicants, and in his opinion Fowlkes was under the influence of alcohol.

"The State Trooper asked the defendant how the accident occurred, were they together and who was operating the vehicle. The defendant replied he was the operator, the woman was on the seat with him, the man was in the back and soon after passing the intersection of Route 46, he met two vehicles approaching from the opposite direction, the rear vehicle, in attempting to pass the front vehicle, cut sharply to the left and in his lane of traffic; that he put his brakes on, turned sharply to the right to avoid the accident and ran up a bank about three feet high which caused his car to turn over. The white man was asked no questions and made no statement. The defendant further stated that he had had a couple of beers early in the afternoon.

"The witness testified further that he did not know of his own knowledge what time the accident occurred nor could he say what the defendant's condition was at that time."

■ Did this evidence prove beyond a reasonable doubt that the defendant, who admitted that he was driving, was under the influence of intoxicants when the accident happened? It proved that the defendant was under the influence of intoxicants when the trooper arrived at the scene at approximately 3:55 p.m. It

established that the defendant "had a couple of beers early in the afternoon," which would be some uncertain time after twelve noon. That could explain the odor of alcohol at 3:55 p.m., but it did not prove that the beer was drunk before rather than after the time of the accident or that defendant was under the influence of intoxicants when the accident occurred. Nobody testified as to when the accident happened. Therefore, unless the facts and circumstances establish the time of the accident in relation to defendant's intoxication, the evidence did not prove that the defendant was under the influence of intoxicants at that time.

When did the accident happen? The trooper testified that he did not know when it happened and that he could not say what the defendant's condition was when it happened. How can anybody else say from his evidence and be certain about it? It may be that the person who notified the trooper of the accident came directly from it, but that is a matter of speculation; nobody testified that he did. It is not necessarily true that if the accident had happened earlier in the day it would have been reported earlier. It does not appear from the evidence that it was not attempted to report it earlier. Apparently the trooper accidentally met the person who reported it to him.

The evidence does not establish with any degree of certainty when the accident occurred. Hence, evidence that the defendant was under the influence of intoxicants after it occurred does not prove that he was also under the influence of intoxicants at the time it occurred. Proof of his condition when the trooper arrived at 3:55 p.m. is not proof of his condition when the accident happened, in the absence of any evidence as to the time that elapsed between the two events.

■ The Commonwealth argues that since the defendant told the trooper he had had a couple of beers earlier in the afternoon and did not claim to have had a drink after the accident, it must follow that his intoxication came prior to the accident. The answer is that it is presumption, not proof, that he took the beers before the accident, and he did not have to claim that he drank intoxicants after the accident. The burden was on the Commonwealth to prove that the defendant was under the influence of intoxicants when the accident happened, not on the defendant to prove that he was not. The Commonwealth's evidence must exclude every reasonable hypothesis of innocence. Until that

is done the defendant is not required to explain or to offer evidence of his innocence.

*Smith* v. *Commonwealth,* 192 Va. 453, 65 S. E. 2d 528, was a murder case. In holding that the evidence was not sufficient to prove the defendant guilty we said that ''evidence is not sufficient to support a conviction if it engenders only a suspicion or even a probability of guilt. Conviction cannot rest upon conjecture. The evidence must be such that it excludes every reasonable hypothesis of innocence.'' 192 Va. at p. 461, 65 S. E. 2d at p. 533. See also *Sutherland* v. *Commonwealth,* 171 Va. 485, 494, 198 S. E. 452, 456; *Strange* v. *Commonwealth,* 182 Va. 742, 30 S. E. 2d 552, 554.

In *Bland* v. *City of Richmond,* 190 Va. 42, 55 S. E. 2d 289, the facts were similar to those in this case. There a police officer testified that he came up a few minutes after an accident had occurred and noticed that a fireplug was knocked out and an empty automobile was up against the plug. A few minutes later the defendant, Bland, was brought to the scene by another officer and admitted that he was driving the car at the time of the accident. Bland was under the influence of intoxicants when he arrived with the officer. The police officer did not know exactly how long before Bland was brought up the accident had occurred, but thought it had happened only ''a few minutes'' before. We held that the city's evidence did not exclude a reasonable hypothesis that the defendant drank intoxicating liquors between the time he left the car and the time he was picked up.

The Commonwealth asserts that the difference between the *Bland* case and this is that it could reasonably have been believed that Bland left the scene of the accident and got drunk; but that it is unreasonable to believe that Fowlkes, the defendant here, got drunk after the accident and before the trooper arrived. We cannot agree that that is true. In the *Bland* case the period of ''a few minutes'' was considered too vague to relate defendant's intoxication to the time of the accident. Here there is not even that much to fix the time between the two events. The Commonwealth argues that here it is not shown or claimed that the defendant left the scene of the accident or that he drank intoxicants at the scene; that it could be only speculation that he did either, and that no such speculation should be indulged because if either of those things had happened the defendant could have proved it by his two companions. But, again, the defendant did

not have to make any defense or explanation until the Commonwealth had introduced enough evidence to prove beyond a reasonable doubt that the defendant was intoxicated when the accident happened. This the Commonwealth's evidence did not do.

The charge against the defendant was a serious one. If he was guilty it ought not to have been too difficult a matter to prove it and not rest the case wholly upon the evidence of the trooper, which was inconclusive and not enough to establish the defendant's guilt beyond a reasonable doubt. We reverse the judgment and remand the case for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*