GARNETT ODELL DUDLEY COFFEY v. COMMONWEALTH OF VIRGINIA.

October 10, 1960.

Record No. 5180.

Present, All the Justices.

The opinion states the case.

*Paul A. Holstein*, for the plaintiff in error.

*D. Gardiner Tyler*, Assistant Attorney General (*A. S. Harrison, Jr., Attorney General*, on brief), for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

This case is before us upon a writ of error to a judgment entered in the lower court on February 25, 1960, wherein Coffey was found guilty of a second offense of driving a motor vehicle while under the influence of intoxicants, the jury fixing his punishment at a fine of $100 and thirty days in jail.

While there are three assignments of error, the crucial issue is

whether or not the evidence was sufficient to prove that accused was under the influence of intoxicants at the time he was operating the motor vehicle.

There was no stenographic report of the testimony. The evidence before us consists of a stipulation of facts which, stated in the light most favorable to the Commonwealth, follows:

Coffey, an uneducated white man, 37 years of age, resided in Rockbridge County with his wife and three children. On August 15, 1959, he had gone to Lexington in his pickup truck for the purpose of purchasing farm supplies. His wife and the children were in Rockbridge Baths visiting Mrs. Coffey's mother. They were traveling in the family automobile. Some time near the hour of three o'clock in the afternoon, while operating his truck en route home, the pickup was hit by an approaching unidentified truck, causing it to run off the road, over an embankment, resulting in injuries to Coffey. His wife and the three children, in the automobile, were preceding the accused at a distance of approximately three car lengths. The unidentified truck forced her off the paved portion of the road just prior to its striking the pickup truck.

Immediately following the accident Mrs. Coffey and her twelve year old son got out of the automobile and went to assist her husband. She found her husband injured and left her son to care for him while she went for assistance and to call a State trooper.

The son testified that two sealed pints of whiskey were in the cab of the truck, and after his mother went for help he broke the seal of one bottle and gave his father a drink. The two bottles were introduced as exhibits in the case.

State Trooper C. B. Colonna testified that he received a telephone call at 3:55 p.m. to investigate the accident which was reported to have occurred at or about 3:15 p.m. The trooper arrived at the scene at 4:10 p.m. and found the accused there. He observed that accused had suffered an injured arm and shoulder, and his shirt was covered with blood; that he was unsteady on his feet; was incoherent in his speech; and he smelled alcohol on his breath. Coffey told him that he did not drink whiskey and that he hated people that did; that he had brushed his teeth with alcohol, and that he had consumed a glass of vinegar. The trooper did not know the exact time of the accident. He did not know what accused's condition was at the time the accident occurred because, as he explained, he did not arrive at the scene until about one hour later.

Dr. F. A. Feddeman examined Coffey at the Stonewall Jackson Hospital in Lexington several hours after the accident. The doctor testified that accused had suffered injuries which consisted of facial brush burns, an injured left arm which was swollen, an injured nose, and that accused's shirt was bloody. He said that accused's eyes were bloodshot, his face flushed, and a strong odor of alcohol was detected. Coffey told the doctor that he had been drinking vinegar; that he had been drinking camphor or rock candy solution; and that he "had had nothing to drink for four days." The doctor did not know what accused's condition was at the time of the accident.

Both the trooper and the doctor were of the opinion that accused was under the influence of intoxicants at the time they saw him—the trooper approximately one hour after the accident, and the doctor several hours after it occurred.

A. M. Mackey, a witness for the Commonwealth, testified that he arrived at the scene before the State trooper; that he did not see Coffey take anything to drink and could not tell that he had been drinking.

Accused testified that he remembered nothing from the time of the accident until he regained consciousness in the hospital at which time he was talking to a colored orderly; that he did not remember any conversation with the State trooper or the doctor.

While the evidence does not establish the exact time of the accident it does show that it happened during the middle of the afternoon and that the trooper did not arrive at the scene until some fifty-five minutes after it was reported to have occurred. No evidence was produced to establish accused's condition at the time he was actually operating the vehicle.

Unquestionably the evidence is sufficient to show that accused was under the influence of intoxicants at the time he was seen by Trooper Colonna and Dr. Feddeman. The question before us is: Does the evidence establish beyond a reasonable doubt that accused was under the influence of intoxicants while operating the pickup truck prior to the accident?

Under our holding in *Bland* v. *City of Richmond*, 190 Va. 42, 55 S. E. 2d 289, and *Fowlkes* v. *Commonwealth*, 194 Va. 676, 74 S. E. 2d 683, this question must be answered in the negative. "The burden was on the Commonwealth to prove that the defendant was under the influence of intoxicants when the accident happened, not on the

defendant to prove that he was not. The Commonwealth's evidence must exclude every reasonable hypothesis of innocence. Until that is done the defendant is not required to explain or to offer evidence of his innocence." *Fowlkes* v. *Commonwealth, supra,* 194 Va., at pp. 678, 679, 74 S. E. 2d, at p. 684.

The evidence is not sufficient to support a conviction if it engenders only a suspicion or even a probability of guilt. Conviction cannot rest upon conjecture. The evidence must be such that it excludes every reasonable hypothesis of innocence. *Sutherland* v. *Common-wealth,* 171 Va. 485, 494, 198 S. E. 452, 456; *Strange* v. *Common-wealth,* 182 Va. 742, 745, 30 S. E. 2d 552, 554; *Smith* v. *Common-wealth,* 192 Va. 453, 461, 65 S. E. 2d 528, 533.

The Attorney General argues that the unreasonable statements made by the accused regarding the brushing of his teeth with alcohol, the drinking of vinegar, and consuming "camphor or rock candy solution", were matters for the jury to consider in reaching their conclusion. Generally speaking this it true, but as said by Mr. Justice Buchanan in *Smith* v. *Commonwealth, supra,* 192 Va., at pp. 461, 462, 65 S. E. 2d, at p. 533:

"It is, of course, a truism of the criminal law that evidence is not sufficient to support a conviction if it engenders only a suspicion or even a probability of guilt. Conviction cannot rest upon con-jecture. The evidence must be such that it excludes every reasonable hypothesis of innocence. The giving by the accused of an unclear or unreasonable or false explanation of his conduct or account of his doings are matters for the jury to consider, but they do not shift from the Commonwealth the ultimate burden of proving by the facts or the circumstances, or both, that beyond all reasonable doubt the defendant committed the crime charged against him." *Burton* v. *Commonwealth,* 108 Va. 892, 62 S. E. 376; *LaPrade* v. *Common-wealth,* 191 Va. 410, 61 S.E. 2d 313.

It is possible, or it may be probable, that the accused was under the influence of intoxicants at the time he was operating his pickup truck, but we are unable to find in the record evidence sufficient to warrant the conclusion that beyond a reasonable doubt he was in this condition at the time he was operating the motor vehicle.

The judgment of conviction is reversed and the case is remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

BUCHANAN, J., dissenting:

I do not question the proposition that the Commonwealth had the burden of proving by the facts or circumstances, or both, that beyond all reasonable doubt the defendant was guilty of driving his truck while he was under the influence of intoxicants; but I agree with the trial court that the evidence was sufficient to support the finding of the jury that he did so.

When the trooper arrived at the scene about 55 minutes after the accident he smelled alcohol on the defendant's breath, the defendant was unsteady on his feet and incoherent in his speech; but the defendant denied having had anything to drink and asserted that he did not drink whiskey and hated people who did. The trooper took the defendant to the hospital where the defendant, anxious to explain his condition, claimed he had brushed his teeth with alcohol and had drunk a glass of vinegar.

A doctor at the hospital, on examining the defendant several hours after the accident, detected a strong odor of alcohol on him. He told the doctor he had been drinking vinegar, but later said he had been drinking camphor or rock candy solution; and, in addition, that he had had nothing to drink for four days. His eyes were bloodshot and his face was flushed. No wonder the doctor testified that it was his "definite impression" that the defendant was intoxicated.

When did he get that way?

The defendant testified that up to the time of the accident he had had nothing to drink, and that after the accident he remembered nothing until he regained consciousness at the hospital, and nothing of his conversations with the trooper and with the doctor.

Not even the defendant's wife and two children, who testified, suggested that the defendant was unconscious after the accident. Neither did the trooper, who talked to him, nor the Commonwealth's witness Mackey, who talked to him before the trooper arrived and was still there when defendant's son brought two pints of whiskey out from under a fence and gave them to his mother.

The mother left this son to look after the defendant while she went to call the trooper. The son said he found two sealed pints of whiskey in the truck; that he opened one and gave defendant a drink, then hid the two pint bottles under the fence, he did not know why, and later gave them to his mother.

The two pint bottles were in evidence, one sealed and the other with only a small quantity of whiskey taken from it.

From these facts the jury were entitled to draw reasonable inferences. Certainly they could conclude from the evidence that the defendant was drunk when the trooper arrived and still drunk at the hospital several hours later. They could conclude that the small quantity of whiskey missing from one of the pint bottles was not enough to produce such a degree of intoxication. The defendant's son was with him from the time of the accident until the trooper arrived. He testified only that his father took the small drink out of the pint bottle after the accident. Mackey testified that he did not see the defendant take anything to drink after he arrived. Nobody testified to any drinking by the defendant after the accident and the defendant said he was unconscious from the time of the accident until after he entered the hospital.

In the *Bland* case and in the *Fowlkes* case, cited in the court's opinion, there was no evidence at all as to where the defendants were or what they did between the uncertain time of the accidents and the time they were found under the influence of alcohol. Here the evidence shows where the defendant was and how much he drank after the accident. The jury could reasonably conclude it was not enough to produce the condition of intoxication the defendant was in and consequently that he was under the influence of intoxicants when the accident happened.

I would affirm the judgment below.