COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

GERALD HANKINSON

v.          Record No. 0789-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE NELSON T. OVERTON
COMMONWEALTH OF VIRGINIA                       OCTOBER 10, 1995

            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                     Edward W. Hanson, Jr., Judge

            Richard C. Clark (Office of the Public Defender,
            on brief), for appellant.

            Steven Andrew Witmer, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     Gerald Hankinson appeals his conviction of driving while
intoxicated on the basis of insufficient evidence.  We agree, and
reverse the conviction.

     Appellant's car struck and injured a seven-year-old girl at
approximately 5:20 p.m. on October 8, 1993.[1]  Forty-five minutes
later appellant was questioned by a police officer.  Evidence of
intoxication was found at that time:  slurred speech, alcoholic
odor, bloodshot eyes, and physical instability.  Appellant
admitted at that time that he had consumed three to four beers
before the accident.  He added that he had a further one and a

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]At the same trial, appellant was convicted of driving on a
suspended license and hit and run with personal injury.  These
issues are not the subject of the appeal.

half beers between the accident and the time the officer arrived. This last statement was corroborated by his wife, who testified that appellant had drunk beer and at least two shots of vodka in that time frame. At 7:55 p.m. appellant took a breath test, which registered a .11 percent blood alcohol level.

In order to convict appellant on the charge of driving while intoxicated, the Commonwealth must prove that the defendant was actually operating his vehicle while intoxicated. The evidence in the record does not support such a conclusion.

Although the evidence is sufficient to show that the appellant was under the influence of intoxicants at the time he was seen by the officer, this determination is not dispositive of the matter. See Coffey v. Commonwealth, 202 Va. 185, 186, 116 S.E.2d 257, 258-59 (1960) (placing little value on officer's description of accused when officer arrived 55 minutes after the accident). The important factor is how intoxicated the appellant was when he was driving the vehicle. Scant evidence lies in this category.

The blood alcohol level test contributes little. "[W]here there is evidence that alcohol has been consumed after driving the chemical test cannot accurately reflect the blood alcohol concentration at the time of driving." Davis v. Commonwealth, 8 Va. App. 291, 300, 381 S.E.2d 11, 16 (1989). The test's value diminishes greatly, if not completely, if the accused consumes alcohol after driving. Any after-administered test results must

"be related to the consumption of alcohol before or during the act of driving." Davis, 8 Va. App. at 298, 381 S.E.2d at 15.

The facts in the instant case show that the appellant did consume a not insignificant quantity of alcohol after driving. According to his own accounts at the time, he had more than one beer in 45 minutes; by his wife's memory he may have had several drinks of liquor as well. While appellant appeared unquestionably intoxicated to the officer, the officer could not have known what appellant's condition was at the time of the accident. See Coffey, 202 Va. at 186, 116 S.E.2d at 258 (coming to same conclusion).

The burden in this case is upon the Commonwealth to prove that "[appellant] was intoxicated while he was operating his [vehicle], not on [appellant] to show that he became intoxicated after leaving his parked vehicle." Overbee v. Commonwealth, 227 Va. 238, 244, 315 S.E.2d 242, 245 (1984). The evidence is not sufficient to support a conviction if it engenders only a suspicion or even a probability of guilt. Coffey, 202 Va. at 188, 116 S.E.2d at 259. The record may contain evidence that leads to a probability of intoxication, but it does not contain evidence to support a conclusion that beyond a reasonable doubt the appellant was driving while intoxicated.

Reversed and dismissed.