COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

NANCY MULVANEY

v.          Record No. 0924-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                       OCTOBER 31, 1995

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Randolph T. West, Judge

Robert B. Rae (Rae, Bergstrom & Rae, on brief), for appellant.

Steven Andrew Witmer, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.


Nancy Mulvaney (defendant) was convicted in a bench trial on an indictment charging a single count of embezzlement by a "common plan, scheme or design" in violation of Code § 18.2-111. Defendant argues on appeal that (1) the trial court erroneously allowed a Commonwealth witness to testify to the "ultimate issue of guilt," and (2) the evidence was insufficient to support the conviction. We disagree and affirm the judgment of the trial court.

The parties are fully conversant with the record in this case, and we recite only those facts necessary to a disposition of the appeal.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Martin

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it. Id. The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

The evidence disclosed that defendant was employed as "bookkeeper" for Commonwealth Information Systems, Inc. (Systems) during the period embraced by the indictment. Defendant's supervisor, Sherry Cassell, testified that defendant's duties included receiving funds collected by herself and other employees, correctly crediting the payor's account, and totalling and depositing the monies to Systems' bank account, all with the appropriate documentation. Ms. Cassell explained that numerous receipt/deposit discrepancies were discovered following termination of defendant's employment (due to an overall reduction in force), each of which occurred during her employment. She testified that an audit of Systems' accounts traced these irregularities to the substitution of check receipts for equivalent, but missing, cash payments, at the time of deposit.

One transaction detailed by Ms. Cassell related to a $627.46 check received by Systems between May 27, 1993 and June 1, 1993. While the proper account was credited with this payment, the check did not appear on the daily payment register or on "adding machine

tapes" of the receipts, both of which should have reflected all payments into Systems during a business day. However, a notation, "Do Special Deposit $627.46 LC-3," appeared on a small "post-it note" affixed to the payment register, and the check was deposited to Systems' account. Records of the daily <u>cash</u> receipts for the period indicated that $627.46 less cash was deposited than actually received. Nevertheless, Systems' ledger was balanced by deposit of the unreported check, which replaced the missing cash. The deposit ticket that attended this transaction was prepared by defendant and was consistent with the manipulated receipts. The Commonwealth introduced evidence of no less than six substantially similar transactions, all linked to defendant.

Defendant first complains that the trial court improperly permitted Ms. Cassell to testify to the "ultimate issue." It is well established that this Court will not consider an argument which was not presented to the trial court. <u>Jacques v. Commonwealth</u>, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991); Rule 5A:18. "On appeal, a ruling of a trial court cannot be a basis for reversal unless an objection is stated 'together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.'" <u>Campbell v. Commonwealth</u>, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (<u>en</u> <u>banc</u>) (quoting Rule 5A:18). Here, defense counsel failed to specifically object during trial that Ms. Cassell testified to the ultimate issue.[1] Finding no justification to

---

[1] Defendant's objection to Ms. Cassell's "expert" testimony

-3-

apply the "ends of justice" exception, we decline to address this question.

Defendant next challenges the sufficiency of the evidence to support the conviction. To convict, the Commonwealth was required to prove that defendant "wrongfully appropriated to [her] own use or benefit, with the intent to deprive . . . [Systems] thereof, the property . . . entrusted to [her] by reason of [her] employment. . . ." Webb v. Commonwealth, 204 Va. 24, 34, 129 S.E.2d 22, 30 (1963); Zoretic v. Commonwealth, 13 Va. App. 241, 243, 409 S.E.2d 832, 833-34 (1991). When the Commonwealth relies upon circumstantial evidence, the evidence must exclude every reasonable hypothesis of innocence. Coffey v. Commonwealth, 202 Va. 185, 188, 116 S.E.2d 257, 259 (1960). "It is not sufficient that the evidence create a suspicion of guilt, however strong, or even a probability of guilt, but must exclude every reasonable hypothesis save that of guilt." Webb, 204 Va. at 34, 129 S.E.2d at 29. However, the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of defendant or counsel. Cook v. Commonwealth, 226 Va. 427, 433, 309 S.E.2d 325, 329 (1983); Fordham v. Commonwealth, 13 Va. App. 235, 239, 409 S.E.2d 829, 831 (1991).

Here, the evidence established that defendant was responsible for receiving cash and checks belonging to Systems, verifying and documenting the amounts, and depositing the funds to Systems' bank

related solely to defendant's handwriting.

-4-

account.  Defendant prepared the relevant deposit slips and adding machine tapes, including checks omitted from the payment register which compensated for deficiencies in cash receipts.  Defendant reported no errors in cash received by her from other employees, and the unregistered check was always properly credited to the payor's account with Systems.  Such evidence clearly supports the requisite inference that defendant was manipulating the cash and check receipts to conceal a diversion of cash from Systems to herself.

Accordingly, we affirm the conviction.

<u>Affirmed.</u>