COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Elder
Argued at Richmond, Virginia


JOHN D. HURLEY

v.          Record No. 0527-95-2      MEMORANDUM OPINION[*] BY
                                      JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA                    MARCH 5, 1996


          FROM THE CIRCUIT COURT OF MIDDLESEX COUNTY
                    John M. Folkes, Judge

          James C. Breeden (Barbara H. Breeden;
          Hubbard, Breeden & Terry, on brief), for
          appellant.

          Margaret Ann B. Walker, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     John D. Hurley was convicted in a bench trial of driving

under the influence of alcohol, second offense.  Hurley contends

that the evidence is insufficient to prove that he operated an

automobile while intoxicated and that the trial court erred by

considering his prior conviction for driving while under the

influence of alcohol as affirmative evidence of guilt.  We find

no error and affirm the defendant's conviction.

     On appeal, the evidence is viewed in the light most

favorable to the Commonwealth and accorded all reasonable

inferences fairly deducible therefrom.  Higginbotham v.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

The trial court's verdict will not be disturbed unless "plainly

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

wrong or without evidence to support it."  Id.

In Coffey v. Commonwealth, 202 Va. 185, 116 S.E.2d 257 (1960), the Supreme Court reversed the accused's conviction for driving under the influence because although the evidence showed that he was intoxicated approximately one hour after the accident, "[n]o evidence was produced to establish [his] condition at the time he was actually operating the vehicle." Id. at 187, 116 S.E.2d at 258; see also Fowlkes v. Commonwealth, 194 Va. 676, 678, 74 S.E.2d 683, 684 (1953).

The facts in the present case are distinguishable from those in Coffey.  Here, only a short time after the defendant wrecked his car in a single car accident, Donna Sears testified that she smelled a "strong" odor of alcohol on the defendant's person when she attempted to help him out of his car.  Cindy Foor testified that she noticed an odor "that seemed to be alcohol" at the scene of the accident.  Both Sears and Foor claimed that the defendant was "combative" and wanted to be left alone.  Foor testified that he "staggered," and that his walk was "very unstable" when he left the scene of the accident.  In addition, Trooper E. W. Chaney testified that he still smelled a "very strong odor of alcohol" about the defendant approximately two hours after the accident.  This testimony is probative of the defendant's condition at the time of the accident because Trooper Chaney asked the defendant whether he had drunk anything since the accident and the defendant responded, "[h]ell no."  Although the

defendant's wife testified that she fixed him a drink when he came home, the trial court was entitled to rely on the defendant's statement to Trooper Chaney that he had not consumed any alcohol after the accident.  See Overbee v. Commonwealth, 227 Va. 238, 244, 315 S.E.2d 242, 245 (1984); Wheeling v. City of Roanoke, 2 Va. App. 42, 44, 341 S.E.2d 389, 390 (1986).  The evidence is sufficient, viewed in the light most favorable to the Commonwealth, to prove that the defendant was intoxicated at the time he was driving and had the accident.

The defendant is barred from contending on appeal that the trial court erred by considering his prior conviction as affirmative evidence of guilt.  The defendant did not object to the trial court considering the evidence or in any manner raise the issue at trial.  Rule 5A:18.  In rendering the verdict, the trial judge stated:

> [T]here is just so much circumstantial evidence here that I can't close my eyes to. [The defendant] told the police officer that he had had nothing to drink since the accident and his wife said she gave him a drink, the excessive speed the first witness talked about, the odor of alcohol upon his breath when he stopped or when they came out to see to him, the fact that he has had a previous conviction.

Because the defendant was charged with driving under the influence, second offense, the trial judge may have referred to the previous conviction solely to indicate that each element of the charge had been proved.  However, the defendant's failure to make a specific objection denied the trial judge the opportunity

to explain or reconsider his ruling.  See Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (en banc) ("primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials").

Because the evidence was sufficient to prove beyond a reasonable doubt that the defendant was intoxicated while operating an automobile, we affirm the conviction.

Affirmed.