COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Willis and Elder
Argued at Richmond, Virginia


DONTAE RENEE HOLTON

MEMORANDUM OPINION[*] BY
v.          Record No. 2369-96-2          JUDGE LARRY G. ELDER
OCTOBER 28, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Robert W. Duling, Judge

Patricia P. Nagel, Assistant Public Defender
(David J. Johnson, Public Defender, on
brief), for appellant.

Steven A. Witmer, Assistant Attorney General
(Richard Cullen, Attorney General, on brief),
for appellee.


Dontae Renee Holton (appellant) appeals her convictions of

attempted capital murder of a police officer and of using a

firearm during the commission of this attempt. She contends that

the evidence was insufficient to sustain her convictions. For

the reasons that follow, we affirm.

I.

FACTS

On February 27, 1996, Detective Ronald Paul McClarin was

working undercover attempting to solicit sexual intercourse for

money in order to make arrests for prostitution. At

approximately 9:45 p.m., he spotted appellant standing on a

street corner and approached her in his car. Following a brief

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

conversation, appellant agreed to have sexual intercourse with the detective in exchange for twenty dollars.

Appellant entered the detective's car, and he drove to a nearby field. When they arrived at the field, Detective McClarin gave appellant twenty dollars and told her to "go ahead and get ready." Appellant responded by "taking her trousers down." Detective McClarin reached into his pocket and fumbled around "looking for a condom." Appellant looked suspiciously at the detective. Sensing that appellant "was going to bolt," Detective McClarin pulled out his badge, placed it in front of appellant's face and said, "Richmond Vice, you're under arrest." Appellant jumped out of the car, and Detective McClarin pursued her through the passenger-side door, grabbing his service pistol in the process. Appellant was a few feet ahead of the detective, hopping and struggling to pull up her pants, and screaming, "no, no don't arrest me. Don't arrest me."

While carrying his gun in his left hand, Detective McClarin grabbed appellant with his right hand and the two "began to struggle or tussle." Detective McClarin told appellant that he had a gun and said, "Don't fight, you're under arrest." After he announced that he was carrying a gun, the nature of the struggle with appellant changed. Appellant ceased struggling to escape from the detective and instead "went directly for the gun" in the detective's hand. Appellant then "interlocked" her hand in the detective's right hand and "turned the firearm completely around

and pointed the barrel at [the detective's] stomach." Detective McClarin felt appellant's finger searching for the finger of his hand that was on the gun's trigger. Detective McClarin twisted his right hand so that the pistol pointed away from his midsection and down toward the ground. "[H]alf a second" later, appellant found the trigger of the gun with her finger and pulled it. The gun discharged into the ground, injuring no one.

After a few more minutes of struggling, during which appellant continued her attempt to gain control of the detective's pistol, Detective McClarin managed to handcuff and arrest appellant.

At the conclusion of the Commonwealth's case-in-chief and again after her case, appellant made a motion to strike. The trial court denied both motions and convicted her as charged.

## II.

### SUFFICIENCY OF THE EVIDENCE

Appellant contends that the evidence was insufficient to prove that she attempted to murder Detective McClarin. She argues that the evidence failed to support the trial court's conclusion that she specifically intended to kill the detective during their struggle. We disagree.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). This Court does

not substitute its judgment for that of the trier of fact.  See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992).  Instead, the trial court's judgment will not be set aside unless it appears that it is plainly wrong or without supporting evidence.  Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

"'An attempt to commit a crime is composed of two elements:  (1) The intent to commit it; and (2) a direct, ineffectual act done towards its commission.'"  Haywood v. Commonwealth, 20 Va. App. 562, 565, 458 S.E.2d 606, 607-08 (1995) (quoting Merritt v. Commonwealth, 164 Va. 653, 657, 180 S.E. 395, 397 (1935)).  Code § 18.2-31(6) states that the crime of capital murder includes the "willful, deliberate, and premeditated killing of a law-enforcement officer . . . for the purpose of interfering with the performance of his official duties."

"The intent required to be proven in an attempted crime is the specific intent in the person's mind to commit the particular crime for which the attempt is charged."  Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987); see also Merritt, 164 Va. at 660-61, 180 S.E. at 398-99 (stating that "while a person may be guilty of murder though there was no actual intent to kill, he cannot be guilty of an attempt to commit murder unless he has a specific intent to kill").  "Intent is the purpose formed in a person's mind and may be, and frequently is, shown by circumstances.  It is a state of mind which may be

-4-

proved by a person's conduct or by his statements." Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969); see also Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). "[A] person is presumed to intend the immediate, direct, and necessary consequences of his voluntary act." Nobles, 218 Va. at 551, 238 S.E.2d at 810.

"[W]hether the required intent exists is generally a question for the trier of fact." Id. "The inferences to be drawn from proved facts are within the province of the [trier of fact], so long as the inferences are reasonable and justified." Barrett, 210 Va. at 156, 169 S.E.2d at 451. Where, as here, the Commonwealth relies solely on circumstantial evidence to prove the intent of the accused, the evidence must exclude every reasonable hypothesis of innocence. See Coffey v. Commonwealth, 202 Va. 185, 188, 116 S.E.2d 257, 259 (1960).

> All necessary circumstances proved must be consistent with guilt and inconsistent with innocence. It is not sufficient that the evidence create a suspicion of guilt, however strong, or even a probability of guilt, but must exclude every reasonable hypothesis save that of guilt.

Webb v. Commonwealth, 204 Va. 24, 34, 129 S.E.2d 22, 29 (1963).

We hold that the evidence was sufficient to prove that appellant specifically intended to kill Detective McClarin. The evidence proved that appellant's initial intent was merely to avoid apprehension by Detective McClarin. After the detective

displayed his badge and announced to appellant that she was under arrest, appellant jumped from the detective's car, screamed "Don't arrest me[,]", and then struggled to elude the detective's grasp. However, appellant's subsequent conduct established that she specifically intended to kill the detective. When Detective McClarin announced to appellant that he had a gun, appellant lunged for the detective's hand in which the gun was held and pushed it downward until the barrel of the gun was pointed at the detective's stomach. Then, while still struggling with Detective McClarin, appellant began searching for the gun's trigger with her fingers. When she found the detective's finger that was on the gun's trigger, she pressed down on it, causing the gun to discharge. The gun fired a "half a second" after the detective had twisted it away from his body. Based on this conduct, we cannot say that the trial court's inference that appellant specifically intended to kill the detective was either unreasonable or unjustified.

We disagree with appellant that the evidence failed to exclude as a reasonable hypothesis the theory that her sole intent when she pushed the detective's gun downward was to protect herself from a perceived threat to her physical safety. Both appellant's knowledge of the detective's identity and the details of appellant's conduct banish this possibility from the realm of reasonableness. The record indicates that appellant knew that the detective was a police officer who was merely

executing her arrest.  Based on this knowledge, appellant had no reason to believe that the detective posed a threat to her physical safety if she ceased struggling against him.  Moreover, appellant's conduct after she forced the detective's gun downward indicates that her intent encompassed more than just self-defense.  Rather then simply pushing the detective's gun away from her, appellant proceeded to turn the pistol toward Detective McClarin and then attempt to fire it into his stomach.  In light of appellant's knowledge that she was struggling with a police officer, the details of her conduct exclude as a reasonable hypothesis of innocence the possibility that her intent was limited to either avoiding arrest or defending herself against a reasonable apprehension of bodily harm.

For the foregoing reasons, we affirm appellant's convictions of attempted capital murder of a police officer and of using a firearm during the commission of this attempt.

<u>Affirmed.</u>