COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Elder and Overton
Argued at Richmond, Virginia


DELLA SMALL WILSON
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0118-97-2        JUDGE LARRY G. ELDER
                                        MARCH 3, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Robert W. Duling, Judge

          Patricia P. Nagel, Assistant Public Defender
          (David J. Johnson, Public Defender, on
          brief), for appellant.

          Daniel J. Munroe, Assistant Attorney General
          (Richard Cullen, Attorney General, on brief),
          for appellee.


     Della Small Wilson (appellant) appeals her conviction of

attempted murder of a police officer with the intent of

interfering with the performance of his official duties. She

contends that the evidence was insufficient to support her

conviction. She argues that the evidence failed to support the

trial court's conclusion that she specifically intended (1) to

"kill" Officer Carnes or (2) to interfere with the performance of

his official duties when she threw a large butcher knife at him.

For the reasons that follow, we affirm.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). This Court does not substitute its judgment for that of the trier of fact. See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). Instead, the trial court's judgment will not be set aside unless it appears that it is plainly wrong or without supporting evidence. Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

"'An attempt to commit a crime is composed of two elements: (1) The intent to commit it; and (2) a direct, ineffectual act done towards its commission.'" Haywood v. Commonwealth, 20 Va. App. 562, 565, 458 S.E.2d 606, 607-08 (1995) (quoting Merritt v. Commonwealth, 164 Va. 653, 657, 180 S.E. 395, 397 (1935)). Code § 18.2-31(6) states that the crime of capital murder includes the "willful, deliberate, and premeditated killing of a law-enforcement officer . . . for the purpose of interfering with the performance of his official duties."

"The intent required to be proven in an attempted crime is the specific intent in the person's mind to commit the particular crime for which the attempt is charged." Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987); see also Merritt, 164 Va. at 660-61, 180 S.E. at 398-99 (stating that "while a person may be guilty of murder though there was no actual intent to kill, he cannot be guilty of an attempt to commit murder unless he has a specific intent to kill"). "Intent is the

2

purpose formed in a person's mind and may be, and frequently is, shown by circumstances. It is a state of mind which may be proved by a person's conduct or by his statements." Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969); see also Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). "[A] person is presumed to intend the immediate, direct, and necessary consequences of his voluntary act." Nobles, 218 Va. at 551, 238 S.E.2d at 810.

"[W]hether the required intent exists is generally a question for the trier of fact." Id. "The inferences to be drawn from proved facts are within the province of the [trier of fact], so long as the inferences are reasonable and justified." Barrett, 210 Va. at 156, 169 S.E.2d at 451. Where, as here, the Commonwealth relies solely on circumstantial evidence to prove the intent of the accused, the evidence must exclude every reasonable hypothesis of innocence. See Coffey v. Commonwealth, 202 Va. 185, 188, 116 S.E.2d 257, 259 (1960).

> All necessary circumstances proved must be consistent with guilt and inconsistent with innocence. It is not sufficient that the evidence create a suspicion of guilt, however strong, or even a probability of guilt, but must exclude every reasonable hypothesis save that of guilt.

Webb v. Commonwealth, 204 Va. 24, 34, 129 S.E.2d 22, 29 (1963).

Appellant's intent to kill Officer Carnes could be reasonably inferred from her conduct during the confrontation in her bedroom on June 7. The record established that, after

3

appellant retrieved the eleven-inch-long knife from the right side of her bed, she waved it angrily in the air and appeared "angry" and "hysterical." Officer Carnes was standing about eight feet from where appellant was sitting in her bed. When Officer Carnes ordered her to put down the knife, appellant refused to comply. Instead, she told Officer Carnes that she "would let him have it" and threw the knife at the officer's chest. She threw the knife by extending her arm "straight out" while holding the handle of the knife. The manner in which appellant released the knife caused the blade and the handle to flip "end-over-end" as it traveled through the air toward Officer Carnes. The knife struck Officer Carnes in the left side of his chest with the blade pointing toward the officer. Officer Carnes was not harmed by the impact of the knife as it hit the strap of his bullet-proof vest. The dangerous manner in which appellant released the knife, her decision to aim her throw at the left side of Officer Carnes' chest while sitting about eight feet away from the officer, and the nature of the object she chose to throw -- a large knife with a six-and-a-half-inch blade -- support the trial court's conclusion that she specifically intended to kill Officer Carnes. This evidence likewise excludes as a reasonable hypothesis the theory that appellant's sole intent when she threw the knife at Officer Carnes was merely to commit an assault and battery upon the officer.

We also hold that the evidence was sufficient to prove that

4

appellant intended to interfere with the exercise of Officer Carnes' official duties.  The record established that Officer Carnes was on duty and in uniform when he entered appellant's bedroom in response to an earlier call from her apartment. Appellant threw the knife at Officer Carnes' chest after he ordered her to put it down.  The trial court could have reasonably inferred from appellant's actions that her attempt to kill Officer Carnes was also an attempt to thwart his effort to neutralize the dangerous confrontation between herself and the others in the bedroom.

For the foregoing reasons, we affirm appellant's conviction of attempted capital murder.

<u>Affirmed</u>.