PRESENT: Powell, C.J., Kelsey, McCullough, Chafin, Russell, and Mann, JJ., and Mims, S.J.

COMMONWEALTH OF VIRGINIA

v. Record No. 250176

OPINION BY
JUSTICE TERESA M. CHAFIN
APRIL 23, 2026

LONNIE LEWIS RICHERSON

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals erred in determining that the evidence was insufficient to sustain a conviction for driving while intoxicated.

I.  BACKGROUND

Consistent with familiar standards of appellate review, "'the evidence and all reasonable inferences flowing therefrom must be viewed in the light most favorable to the prevailing party in the trial court,' in this case, the Commonwealth." *Nelson v. Commonwealth*, 281 Va. 212, 215 (2011) (quoting *Maxwell v. Commonwealth*, 275 Va. 437, 442 (2008)).  In a bench trial, Lonnie Lewis Richerson pled not guilty to charges of driving under the influence, third offense within ten years; refusal to take a breath test, second or subsequent offense; and driving while his license was suspended.[1]  The Commonwealth's sole witness at trial was the arresting officer, Officer John Person.  The Commonwealth also offered as an exhibit the footage from Officer Person's body-worn camera, which recorded the encounter leading up to Richerson's arrest.

Officer Person testified that after dark on May 21, 2023, he and his accompanying officer activated their emergency lights and siren to initiate a traffic stop of a vehicle after learning that the registered owner had a suspended driver's license.  Once the vehicle stopped, Officer Person approached and knocked on the driver's window.  As Richerson rolled down the window,

_____

[1] On appeal, Richerson does not challenge his convictions for refusal or driving while his license was suspended.

Officer Person "detected the odor of alcohol coming from the vehicle." When asked why he did not stop right away, Richerson replied that he did not see the police vehicle. Officer Person noticed that Richerson had "glassy eyes and his speech was slurred."

Richerson asked why he was being pulled over, and Officer Person explained that the registered owner—who he assumed to be Richerson—had a suspended driver's license. Richerson seemed to be "confused" and "shrugged" at the explanation. Officer Person asked Richerson to step out of the vehicle, but Richerson initially refused. The camera footage shows Richerson questioning Officer Person about why he needed to get out of the vehicle. Despite directing his questions to Officer Person, Richerson continued to either stare directly ahead of him or look downward while animatedly gesturing with his hands. After multiple requests, Richerson complied.

Because Richerson kept his body turned away, Officer Person repeated instructions to "step over here" multiple times before Richerson accompanied him behind the vehicle. Officer Person explained that he wanted to speak with Richerson away from the vehicle because he noticed an odor of alcohol on Richerson's breath, which he testified was still present away from the vehicle. Richerson denied consuming any alcohol, and he refused to take field sobriety tests. During this interaction, Officer Person observed that Richerson was "sweating" and "wouldn't make eye contact" with him, despite the fact that they were conversing in close proximity. Officer Person asked Richerson if he was "okay" and if there was a reason Richerson could not make eye contact with him. Richerson shrugged and replied, "I don't have to," while continuing to gaze ahead and toward the ground.

Officer Person arrested Richerson for driving under the influence of alcohol. While Officer Person was reading Richerson the implied consent form, Richerson was "becoming

upset" and "talking over" Officer Person. In additional footage from Officer Person's body-worn camera while at the police station with Richerson, Richerson repeatedly denied drinking alcohol "at all" despite having previous convictions for driving under the influence. For the five-minute duration of the video segment, Richerson continued to question why he was pulled over and, for the portions where his face was visible, he continued to avoid eye contact with Officer Person.

Richerson moved to strike the Commonwealth's evidence, arguing that it was insufficient as a matter of law to convict him of driving under the influence where the Commonwealth failed to introduce chemical analysis establishing his blood alcohol content, and where there was no evidence of erratic driving. The trial court denied the motion to strike. Richerson declined to present evidence or testimony, but he renewed his motion to strike by reasserting his previous argument.

Finding Richerson guilty of driving under the influence, the trial court expressly considered "all" of the circumstances in evidence, but it specifically mentioned the odor of alcohol emanating both from the vehicle and from Richerson's person, his glassy eyes, his slurred speech, his sweating, and the "odd" behavior of "not looking at people in the eyes."

Richerson appealed his driving under the influence conviction, arguing to the Court of Appeals that the evidence was insufficient as a matter of law. Reversing Richerson's conviction, the Court of Appeals opined that "not all of Officer Person's testimony is supported by his body camera footage." *Richerson v. Commonwealth*, No. 0493-24-3, 2025 Va. App. LEXIS 3, at *14 (Jan. 7, 2025). The footage "shows Richerson completely avoiding eye contact with Officer Person and his accompanying officer, slowly walking about the scene without exhibiting issues with his balance, and responding to the officers' questions and directions in a normal manner."

*Id.* The Court of Appeals determined that this "inconsistency deprives the Commonwealth of the full inferential value of Officer Person's testimony." *Id.* The Court of Appeals further concluded that the evidence failed to exclude reasonable hypotheses of innocence for Richerson's behavior, suggesting that being "tired or nervous" were plausible causes for his sweating and avoiding eye contact. *Id.* at *15. Because the evidence captured "Richerson's behaviors and statements to Officer Person without anything more," it engendered "only a suspicion or even a probability of guilt" that did not satisfy the Commonwealth's burden of proof. *Id.*

We granted the Commonwealth's appeal from the judgment of the Court of Appeals.

## II.  ANALYSIS

The Commonwealth argues that there was sufficient circumstantial evidence to support Richerson's DUI conviction, and that there was no evidence to contradict Officer Person's testimony or to explain Richerson's behavior on the body camera footage. The Commonwealth further argues that the Court of Appeals erred in finding a reasonable hypothesis of innocence that did not flow from the evidence in the record. We agree.

On an appeal challenging the sufficiency of the evidence, the "judgment of the trial court is presumed to be correct and will be reversed only upon a showing that it is plainly wrong or without evidence to support it." *Nelson*, 281 Va. at 215 (quoting *Maxwell*, 275 Va. at 442). "An appellate court may neither find facts nor draw inferences that favor the losing party that the factfinder did not." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "This remains so even when the factfinder *could* have found those facts or drawn those inferences but, exercising its factfinding role, elected not to do so." *Id.* In which case, if "the evidence and the supporting inferences are 'sufficient to support the conviction, the reviewing court is not permitted to

4

substitute its own judgment for that of the trier of fact, even if its opinion might differ from the conclusions reached by the trier of fact.'" *Id.* (quoting *Jordan v. Commonwealth*, 286 Va. 153, 156-57 (2013)).

Evidence is insufficient to support a conviction if it "engenders only a suspicion or even a probability of guilt." *Coffey v. Commonwealth*, 202 Va. 185, 188 (1960). The evidence "must be such that it excludes every reasonable hypothesis of innocence," *id.*, which is simply to say that the Commonwealth retains the "ultimate burden of proving by the facts or the circumstances, or both, that beyond all reasonable doubt the defendant committed the crime charged against him," *id.* (quoting *Smith v. Commonwealth*, 192 Va. 453, 461(1951)).

Code § 18.2-266 makes it unlawful to "drive or operate any motor vehicle . . . while such person is under the influence of alcohol." Code § 18.2-266(ii). Neither chemical nor scientific evidence is required for the Commonwealth to obtain a conviction pursuant to Code § 18.2-266(ii) for driving under the influence of alcohol. *See Stevens v. Commonwealth*, 46 Va. App. 234, 244 (2005). Rather, to establish that an individual is in such condition to be "under the influence of alcohol," courts have relied on evidence showing that a person has "consumed enough alcoholic beverages to 'so affect his manner, disposition, speech, muscular movement, general appearance or behavior, as to be apparent to observation.'" *Hogle v. Commonwealth*, 75 Va. App. 743, 753-54 (2022) (quoting *Thurston v. City of Lynchburg*, 15 Va. App. 475, 483 (1992)); *see also* Code § 4.1-100; *Gardner v. Commonwealth*, 195 Va. 945, 954 (1954). In making this determination, "a factfinder considers 'all of the evidence of [the defendant's] condition at the time of the alleged offense.'" *Hogle*, 75 Va. App. at 754 (quoting *Leake v. Commonwealth*, 27 Va. App. 101, 109 (1998)); *see also Brooks v. City of Newport News*, 224 Va. 311, 315 (1982).

In finding the evidence insufficient to support Richerson's conviction, the Court of Appeals likened the circumstances here to those in *Potts v. Commonwealth*, 12 Va. App. 1093 (1991), *Clemmer v. Commonwealth*, 208 Va. 661 (1968), and *Coffey v. Commonwealth*, 202 Va. 185 (1960). These cases are readily distinguishable from the present case.

In *Potts*, the Court of Appeals reversed a conviction for driving under the influence because there was no evidence to establish that Potts was the person operating the vehicle before officers arrived at the scene of the accident, or to show when Potts may have ingested alcohol. *Potts*, 12 Va. App. at 1097-98. For that reason, even though there was evidence of Potts' "bloodshot" eyes, "flushed and reddish" face, and a "strong odor of alcohol," the Commonwealth could not exclude the possibility that Potts was not the person actually operating the vehicle when the accident occurred, or that Potts had instead consumed alcohol sometime after the accident. *Id.* at 1098-99.

Similar to *Potts*, the defendant in *Coffey* was involved in an accident, to which a state trooper arrived about an hour afterward. A doctor examined Coffey several hours later. *Coffey*, 202 Va. at 187. Though the trooper and doctor testified that Coffey was under the influence of intoxicants at the time they observed him after the accident, "[n]o evidence was produced to establish [the] accused's condition at the time he was actually operating the vehicle." *Id.* This Court noted that while it was "possible" or "may be probable" that Coffey was under the influence at the time he was operating the vehicle, there simply was insufficient evidence in the record to reach that conclusion beyond a reasonable doubt. *Id.* at 188.

In *Clemmer*, this Court again reversed a conviction because "absent from the record is any evidence that the behavior of defendant, though abnormal and unusual, was caused by the consumption of alcohol or any self-administered drug." *Clemmer*, 208 Va. at 663. Though two

6

witnesses engaged Clemmer in conversation within a few feet of him, neither witness testified to an odor of alcohol on Clemmer's "breath, his person, or about the car he was driving." *Id.* at 663-64. The Court observed that "[n]o case has been brought to our attention in which a defendant has been convicted of operating a motor vehicle under the influence of alcohol without some showing or indication of the agency which produced the intoxication." *Id.* at 664. Thus, while the manner of the accident and Clemmer's appearance, behavior, and "bizarre" conduct sufficiently engendered a probability of guilt, the evidence nonetheless failed to establish that alcohol influenced his conduct. *Id.* at 666.

Each of these three cases have clear evidentiary gaps wherein some essential circumstance was not proven, and therefore the Commonwealth did not carry its burden of proof to establish guilt beyond a reasonable doubt by excluding certain circumstances consistent with innocence. The present case does not suffer the same evidentiary infirmity. The totality of the evidence here supports the determination that Richerson was under the influence of alcohol at the time he was operating his vehicle.

Though the reason for the initial traffic stop was unrelated to the manner of Richerson's driving, there was no break in the sequence of events between Richerson's driving and his encounter with Officer Person. In other words, unlike *Potts* and *Coffey*, it was evident that Richerson was in fact the person driving when he was pulled over, and there was no period of time unaccounted for during which Richerson could have consumed alcohol after he was driving but before he encountered Officer Person.

Thereafter, and unlike *Clemmer*, from the moment Richerson rolled down his window, Officer Person noticed the odor of alcohol in the vehicle and on Richerson's breath. This was the reason he gave for wanting to speak with Richerson somewhere else, presumably to confirm

whether the odor was emanating from Richerson and not just the vehicle. Officer Person testified that the odor was still present away from the vehicle.

In addition to smelling alcohol on Richerson's breath, Officer Person testified that he noticed Richerson's "glassy eyes" and "slurred speech" at the beginning of their encounter. As the encounter continued, Officer Person observed Richerson "sweating" and appearing confused, specifically as to why he had been pulled over and in following Officer Person's instructions. Officer Person also testified to Richerson's apparent aversion to making eye contact with him. This behavior was clearly observable in the camera footage, where Richerson would alternate between looking ahead, looking down, or looking off to the side, but not once did he look directly at Officer Person, even after a direct inquiry.

Based on the totality of these circumstances, it was permissible to infer that Richerson had consumed alcohol, and that he had done so to the point that it affected his "manner, disposition, speech, muscular movement, general appearance or behavior." *Hogle*, 75 Va. App. at 753-54. This was "apparent to observation" not only by Officer Person, but also as reflected in the body-worn camera footage. *See id.* at 754.

The Court of Appeals rejected any inferential value from the evidence because it found an "inconsistency" between the camera footage and Officer Person's testimony, and because it viewed the evidence to be focused on Richerson's physical appearance. *Richerson*, 2025 Va. App. LEXIS 3, at *14. While simultaneously acknowledging Richerson's efforts to avoid eye contact, his "low voice," and his "struggl[ing] to enunciate," *id.* at *17, the Court of Appeals nonetheless focused on the part of the video that showed Richerson walking behind the vehicle "without exhibiting issues with his balance, and responding to the officers' questions and directions in a normal manner," *id.* at *14.

8

This reasoning effectively views one circumstance in isolation and elevates it above the evidence as a whole. This Court has rejected such an approach to appellate review. "When the evidence is considered as a whole, it may well be that no single piece of evidence may be sufficient to justify the conviction." *Tomlin v. Commonwealth*, 302 Va. 356, 366 (2023) (citations and quotation marks omitted). "Even so, 'the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion.'" *Id.* (quoting *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017)). Even if Richerson displayed no observable issues with his balance walking from one end of the vehicle to another, the absence of one factor does not negate the existence of other observable factors.

The Court of Appeals perfunctorily suggested that Richerson's behavior—specifically his sweating and avoiding eye contact—could be explained by being "tired or nervous." *Richerson*, 2025 Va. App. LEXIS 3, at *15. In cases where the evidence is wholly circumstantial, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence." *Commonwealth v. Wilkerson*, 304 Va. 92, 101 (2025) (quoting *Moseley*, 293 Va. at 463). As stated above, however, this "reasonable hypothesis of innocence" principle is "simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." *Id.* at 101-02. For a hypothesis of innocence to be reasonable, it must be one that "flow[s] from the evidence itself." *Id.* at 102 (quoting *Turner v. Commonwealth*, 218 Va. 141, 148 (1977)). Moreover, "'the factfinder ultimately remains responsible for weighing the evidence,' and the factfinder is the one who 'determines which reasonable inferences should be drawn from the evidence.'" *Id.* at 102-03 (quoting *Moseley*, 293 Va. at 464).

In this case, the trial court heard Officer Person's testimony and watched the video of the encounter. Even assuming the trial court could infer from the evidence that Richerson was

9

nervous, nervousness does not reasonably attribute the circumstances present here to innocence, particularly the odor of alcohol on Richerson's breath. To the contrary, nervousness could itself be a result of being pulled over for driving on a suspended license while under the influence of alcohol. The trial court as factfinder, not the Court of Appeals, was responsible for resolving which inferences reasonably flowed from the entirety of the evidence. In doing so, it concluded that the combined effect of the circumstances observed by Officer Person and reflected in the body-worn camera footage were consistent with Richerson driving under the influence of alcohol. On appeal, the Court of Appeals impermissibly reweighed the evidence and substituted its own judgment to conclude otherwise, usurping the trial court's role as factfinder.

## III. CONCLUSION

Because the evidence in the record was sufficient to support the trial court's finding of guilt, the Court of Appeals erred in reversing the trial court's judgment. For the reasons stated, we reverse the judgment of the Court of Appeals and reinstate the judgment of the trial court.[2]

*Reversed and final judgment.*

---

[2] In its second assignment of error, the Commonwealth argues that the trial court and the Court of Appeals should have been permitted to consider Richerson's refusal to perform field sobriety tests as evidence of guilt. In so arguing, the Commonwealth invites this Court to revisit and overrule its holding in *Jones v. Commonwealth*, 279 Va. 52, 58-59 (2010) (holding that refusal to perform field sobriety tests may be considered as relevant evidence in a probable cause determination, but it is not evidence of "consciousness of guilt"). Because we conclude that the evidence at trial was sufficient to support the conviction, we need not address this assignment of error on the merits, and we decline the Commonwealth's invitation.