## Richmond

WILLIAM H. NICOLLS, JR. v. COMMONWEALTH OF VIRGINIA.

October 11, 1971.

Record No. 7626.

Present, All the Justices.

*Daniel Hartnett* and *Henry P. Custis, Jr.* (*Ayres and Hartnett*, on brief), for plaintiff in error.

*A. R. Woodroof, Assistant Attorney General* (*Andrew P. Miller, Attorney General; M. Harris Parker, Chief Deputy Attorney General*, on brief), for defendant in error.

SNEAD, C. J., delivered the opinion of the court.

The court below, sitting without the intervention of a jury, tried and convicted William H. Nicolls, Jr. on a warrant charging that he operated a motor vehicle on a public highway while under the influence of intoxicants. The warrant also charged that he had been convicted of a like offense within the past ten years. Nicolls was sentenced to thirty days in jail and a fine of $200. We awarded him a writ of error to that judgment.

In this appeal the issue presented is whether the evidence was sufficient to sustain the conviction.

The evidence is not in material conflict. On the night of December 14, 1968, State Trooper R. H. Griffin observed Nicolls' car parked on Route 179 a short distance from the town limits of Onancock. It was raining and snowing at the time. The car was entirely on the hard surface in Nicolls' lane of travel. The motor was running and in gear, the high beam lights were on, and the heater was in operation. Nicolls, who was alone in the car, was "slumped" over the steering wheel and his hands were "hanging down". It is conceded that he was in a drunken condition. After placing Nicolls in his patrol car with some difficulty, Trooper Griffin called Frank Harris, an employee of Eller Ford, who came and towed the vehicle to a garage.

The defendant did not testify, but he called as a witness in his behalf Charles Brown, a mechanic who inspected the Nicolls car at the garage. Brown testified "[t]he clutch and transmission was lacking fluid, and it was running hot, and the transmission stopped." He further stated that Nicolls had previously had similar trouble with his vehicle.

Nicolls contends that the evidence adduced against him is insufficient to support his conviction. He argues that the evidence fails to prove any act by him that would constitute operating or driving while under the influence of intoxicants. Further, he argues that he cannot be convicted of operating an inoperable vehicle.

In order to convict the defendant it was necessary that the Commonwealth establish two things: (1) that the defendant was operating or driving a motor vehicle, and (2) that he was under the influence of intoxicants at the time he was driving or operating it. If, as a matter of law, the evidence is insufficient to support the defendant's conviction, then we must reverse.

There is no question that the defendant, when discovered by Trooper Griffin, was intoxicated. The defendant concedes this fact. The real question then is whether the defendant drove or operated a motor vehicle while under the influence of alcohol.

Code § 18.1-54 (Repl. Vol. 1960) provides in part:

"It shall be unlawful for any person to drive or operate any automobile or other motor vehicle * * * while under the influence of alcohol * * *."

In *Gallagher* v. *Commonwealth*, 205 Va. 666, 139 S.E.2d 37 (1964), we held that the meaning of the word "operate" as used in § 18.1-54 was not limited to the movement of the vehicle. We noted in Gallagher that the word "operate" was not defined in § 18.1-54, but that the word "operator" was defined in § 46.1-1(17) of the Motor Vehicle Code. There "operator" is defined, in part, as "Every person who derives or is *in actual physical control* of a motor vehicle * * *." [Emphasis added] We approved this definition for the purpose of determining whether one "operates" a motor vehicle within the meaning of § 18.1-54.

We hold that under the facts proved in this case, the defendant was guilty of operating his motor vehicle while under the influence of alcohol.

■ Nicolls' second contention that he cannot be convicted of operating an inoperable vehicle is without merit. A motor vehicle is defined in § 46.1-1(15) of the Motor Vehicle Code as "Every vehicle as herein defined which is self-propelled or *designed for self-propulsion* * * *." [Emphasis added]

For the reasons stated, the judgment of the trial court is

*Affirmed.*