**Salem**

BENNY RAY ROSENBAUM

v.

COMMONWEALTH OF VIRGINIA

No. 0742-89-3

Decided March 12, 1991

COUNSEL

Daniel R. Bieger (Copeland, Molinary & Bieger, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

MOON, J.—Benny Ray Rosenbaum seeks reversal of his conviction for driving after having been declared an habitual offender. He alleges that the evidence was insufficient to show that he was actually operating the motorcycle. We disagree.

On appeal, we consider the evidence in the light most favorable to the Commonwealth, granting to it all inferences reasonably deducible therefrom. *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

State Trooper Thornburg, while patrolling Interstate 81 in Washington County, Virginia, saw a pickup truck parked in the emergency lane. The officer pulled over to investigate and saw a motorcycle in front of the truck. The appellant was sitting on the motorcycle seat, touching two wires together on the handle bars, creating sparks as the engine turned over. He did this three times in the presence of the officer. The officer admitted that the motorcycle did not start while he was present and he never saw the appellant drive or move the motorcycle. At the time of the incident, the appellant was intoxicated.

According to the uncontradicted testimony of three witnesses, the appellant, earlier in the day of his arrest, placed his motorcycle on the back of a pickup truck. His sister drove the pickup truck to the garage of Eddie Gentry with the understanding that, if the motorcycle would run, Gentry would purchase it. At the time she drove the motorcycle to the garage, the motorcycle was inoperable. Eddie Gentry, the appellant and a witness, Avery

Patterson Crouse, worked for several hours to get the motorcycle running. The motorcycle had a short in the electrical system and possibly a bad voltage regulator.

When the three were able to get the motorcycle running, Eddie Gentry took it for a test drive on Interstate 81. He was followed by a car driven by Donna Marie Wyatt, with appellant and Crouse riding as passengers. The motorcycle "conked out" on Interstate 81. The appellant stayed with the motorcycle while Eddie Gentry and the others left in the car to get Eddie Gentry's truck for the purpose of hauling the motorcycle back to the garage.

The appellant testified that he received a ride from a driver of the pickup truck that the trooper later found at the scene. The two went to a gas station, got gas and returned to the motorcycle, where the appellant put gas in it. Appellant began touching the wires together on the handle bars when he was found and arrested by Trooper Thornburg. At the time of the arrest, the motorcycle was in the same location it was when it broke down. The appellant did not have in his possession the ignition keys to start the motorcycle.

Code § 46.1-387.8 (now Code § 46.2-357) provides that no person having been declared an habitual offender shall drive a motor vehicle upon the highways of Virginia. Code § 18.2-266 also makes it unlawful to "drive or operate" a motor vehicle while intoxicated.

For purposes of applying the provisions of Title 46.1, the terms "operator" or "driver" are defined. Applying the definition of "operator" in § 46.1-1(17) (now Code § 46.2-100), the Supreme Court stated that one who "operates" a vehicle is a person who "drives or is in actual physical control of a motor vehicle." *Gallagher v. Commonwealth*, 205 Va. 666, 670, 139 S.E.2d 37, 40 (1964); *Nicolls v. Commonwealth*, 212 Va. 257, 259, 184 S.E.2d 9, 11 (1971). In *Williams v. City of Petersburg*, 216 Va. 297, 217 S.E.2d 893 (1975), the Court held that operating "includes starting the engine, or manipulating the mechanical and electrical equipment of the vehicle without actually putting the car in motion. It means engaging the machinery of the vehicle which alone, or in sequence, will activate the motive power of the vehicle." *Id.* at 300, 217 S.E.2d at 896. The Supreme Court has held that the mere fact that an automobile is incapable of being

operated on the highway because of a broken transmission does not render the person attempting to drive it not guilty. The Court stated that "[e]very vehicle . . . which is self-propelled or designed for self-propulsion" is contemplated under the law as a motor vehicle. *Nicolls*, 212 Va. at 259, 184 S.E.2d at 11 (emphasis omitted).

Here, appellant was found in actual physical control of the motorcycle, while manipulating the electrical system and engaging the motive power of the vehicle. The fact that the motorcycle did not start or was incapable of starting is irrelevant. This evidence was sufficient for the finder of fact to have concluded that appellant violated Code § 46.1-387.8. Because the judgment is not plainly wrong, we affirm.

*Affirmed.*

Coleman, J., and Keenan, J., concurred.