**Norfolk**

KENNETH M. POTTS

v.

COMMONWEALTH OF VIRGINIA

No. 1861-89-2

Decided August 6, 1991

COUNSEL

R. R. Ryder, for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**DUFF, J.**—Kenneth M. Potts was convicted of drunk driving as a third offense and for refusal to submit to a blood or breath test. He appeals his conviction for drunk driving alleging (1) the testimony of the arresting police officer was inadmissible; and (2) the evidence was insufficient to support his conviction.

Police Officer Boyd Simmons testified that on January 8, 1989, at 1:30 a.m., he arrived at the intersection of 3rd and Main Streets, in Richmond, Virginia. When he arrived on the scene, he found Potts seated behind the steering wheel on the driver's side of the vehicle. The keys were in the ignition, but Simmons did not remember whether the car's engine was still running. Prior to Simmons' arrival on the scene, Potts' car had collided with two other vehicles, one of which was a parked car.

Simmons testified that when he approached the defendant he noticed a strong odor of alcohol about Potts, that his eyes were bloodshot, and that his face was flushed and reddish in color. Simmons assisted Potts out of the car and asked him to move to the sidewalk. During his testimony, Simmons repeatedly referred to his notes, which were made at the scene of the accident. Potts contends Simmons' reliance on his notes demonstrated he had no present recollection of the arrest; therefore, his testimony was inadmissible.

"Refreshed" testimony is admissible if it shows the witness's memory was in fact refreshed and that he or she was then testifying from his or her independent recollection of the events. *Norfolk & W. Ry. v. Nottingham & Wrenn, Inc.*, 139 Va. 748, 763, 124 S.E. 398, 402 (1924). However, the Virginia Supreme Court has found that, although a witness may be unable to recall the details of an event independently of his notes, if he made a correct record of such details at the time of the event, he may use these notes to refresh his memory. *Farmer v. Commonwealth*, 205 Va. 609, 611, 139 S.E.2d 40, 41 (1964). In *Farmer*, the trooper acknowledged on cross-examination that he needed the notes he made at the time of the incident to recall the identity of the defendant's truck and the speed at which it passed through radar. *Id*. The Court allowed the trooper to rely on his notes because he had some independent recollection of other circumstances surrounding the arrest. *Id*. Here, Simmons had some independent recollection of the

events surrounding the arrest. Therefore, he was properly permitted to refer to his notes, made at the time of the arrest, to recall the details of the incident.

▮ Potts also challenges the sufficiency of the evidence supporting his drunk driving conviction. "In order to convict the defendant [of driving under the influence] it was necessary that the Commonwealth establish two things: (1) that the defendant was operating or driving a motor vehicle, and (2) that he was under the influence of intoxicants at the time he was driving or operating it." *Nicolls v. Commonwealth*, 212 Va. 257, 258, 184 S.E.2d 9, 10 (1971).

▮ Potts argues that the evidence was insufficient to prove he was operating or driving his vehicle while under the influence of intoxicants. We agree. When the sufficiency of the evidence is challenged on appeal, the Court must consider the evidence in the light most favorable to the Commonwealth, regarding as true all credible evidence favorable to the Commonwealth and all fair inferences reasonably deducible therefrom. *Norman v. Commonwealth*, 2 Va. App. 518, 520, 346 S.E.2d 44, 45 (1986). The judgment of the trial court will not be disturbed on appeal unless plainly wrong or without evidence to support it. *Brown v. Commonwealth*, 5 Va. App. 489, 491, 364 S.E.2d 773, 774 (1988). Viewing the evidence in this manner, we find it does not support Potts' drunk driving conviction.

▮ The Commonwealth contends Potts was operating his vehicle under the influence of intoxicants *at the time of the accident.* However, no evidence established who was operating Potts' car at the time of the accident. In fact, no evidence in the record established when this accident occurred. Moreover, if Potts was in fact operating his car at the time of the accident, the Commonwealth failed to establish his condition at this time. "The burden was on the Commonwealth to prove that the defendant was under the influence of intoxicants when the accident happened, not on the defendant to prove that he was not." *Fowlkes v. Commonwealth*, 194 Va. 676, 678-79, 74 S.E.2d 683, 684 (1953).

▮ The Commonwealth argues that the present case is indistinguishable from *Lyons v. City of Petersburg*, 221 Va. 10, 266 S.E.2d 880 (1980). We disagree. In *Lyons*, the Court reaffirmed its decision in *Cross v. Commonwealth*, 192 Va. 249, 64 S.E.2d

727 (1951), that driving under the influence "may, . . . like any other criminal charge, be proved by circumstantial evidence . . . 'Where all the circumstances of time, place, motive, means, opportunity and conduct concur in pointing out the accused as the perpetrator of the crime.' " 221 Va. at 13, 266 S.E.2d at 881. In *Lyons*, the Court found the evidence sufficiently established these circumstances. We find, however, that these circumstances have not been sufficiently established in the present case.

In *Lyons*, there was evidence of how and when the accident occurred. The arresting police officer testified, without objection, that the defendant "ran into the back of the parked vehicle and pushed the vehicle. . . ." 221 Va. at 11, 266 S.E.2d at 880. There were also damage reports, which demonstrated that the defendant's vehicle struck and pushed the other vehicle. In addition, there was an admission by the defendant that he had consumed "several beers earlier in the evening." *Id*. The arresting officer testified further that the accident occurred about 1:05 a.m., and that a chemical test was administered to the defendant at 2:27 a.m., which disclosed a blood alcohol content of 0.21 percent. *Id*. The totality of the circumstances allowed the Court to reasonably infer that the accident between Lyons' vehicle and the parked car "occurred at a time when Lyons was in actual physical control of and operating his own vehicle," under the influence of intoxicants. 221 Va. at 13, 266 S.E.2d at 881. The Court found that no other reasonable explanation existed for the circumstances which the police officer encountered, other than a drunk driving offense.

The evidence in the present case, however, is not sufficient to support the same inferences the Court made in *Lyons*. Specifically, no evidence was presented of how or when the accident occurred, or who was involved. Unlike *Lyons*, no evidence established that Potts was driving at the time of the collision. The arresting officer merely testifed that the Potts car "had collided with two other vehicles." The Commonwealth would have us infer that Potts was driving his car at the time of the accident, because he was found behind the wheel of the car when the police officer arrived on the scene. However, this inference is unreasonable in the absence of evidence of when the accident occurred and the time period that had elapsed between the actual collision and the officer's arrival. Evidence is insufficient "to support a conviction if it engenders only a suspicion or even a probability of guilt. . . .

The evidence must be such that it excludes every reasonable hypothesis of innocence." *Coffey v. Commonwealth*, 202 Va. 185, 188, 116 S.E.2d 257, 259 (1960). In the absence of any evidence of who was operating Potts' vehicle when it collided with the two other cars, we find the Commonwealth did not exclude the possibility that Potts was not the person operating his car at the time of the accident.

Furthermore, we find it significant that the Commonwealth failed to call any witnesses who could place Potts behind the wheel of his vehicle at the time of the accident. The record shows that there were two other individuals present, in addition to Potts, when Officer Simmons arrived on the scene. One of these individuals was, in fact, the owner of one of the cars involved in the accident. We do not mean to suggest that the Commonwealth must always provide an eyewitness to establish that the defendant was operating his vehicle. In fact, the Supreme Court of Virginia has upheld several driving under the influence convictions where no eyewitnesses established who was driving the vehicle. *See Williams v. City of Petersburg*, 216 Va. 297, 217 S.E.2d 893 (1975); *Nicolls v. Commonwealth*, 212 Va. 257, 184 S.E.2d 9 (1971); *Gallagher v. Commonwealth*, 205 Va. 666, 139 S.E.2d 37 (1964). However, where there are eyewitnesses to the accident, the Commonwealth must find some other means to prove that the defendant was operating his vehicle, instead of relying "wholly upon the evidence of the [police officer], which [may be]. . . inconclusive and not enough to establish the defendant's guilt beyond a reasonable doubt." *See Fowlkes*, 194 Va. at 680, 74 S.E.2d at 685.

In *Lyons*, the defendant's admission that he had consumed several beers earlier in the evening, along with his blood alcohol content of 0.21 percent, were significant facts in excluding every reasonable hypothesis of innocence. We do not have these facts in the present case. Here, the only evidence of record is that Potts' eyes were bloodshot, his face was flushed and reddish in color, and he had a "strong odor of alcohol." Even if we were to infer from Potts' conduct that he was under the influence of intoxicants, we still have no evidence of when the intoxicants were consumed. The Commonwealth failed to exclude, as a reasonable hypothesis, the possibility that Potts was not under the influence of alcohol at the time of the accident, and, instead, consumed alcohol some time

after the accident, and prior to the officer's arrival. "It is possible, or it may be probable, that the accused was under the influence of intoxicants at the time he was operating his [vehicle], but we are unable to find in the record evidence sufficient to warrant the conclusion that beyond a reasonable doubt he was in this condition at the time he was operating the [vehicle]." *Coffey*, 202 Va. at 188, 116 S.E.2d at 259. Moreover, "[p]roof of his condition when the [officer] arrived . . . is not proof of his condition when the accident happened, in the absence of any evidence as to the time that elapsed between the two events." *Fowlkes*, 194 Va. at 678, 74 S.E.2d at 684. In *Fowlkes*, the Supreme Court reversed a driving under the influence conviction due to the Commonwealth's failure to exclude as a reasonable hypothesis that the defendant became intoxicated after wrecking his car. *Id.* at 678-79, 74 S.E.2d at 684. We reverse Potts' conviction for the same reason. The inferences the trial court made were unreasonable, based on the fact that the circumstantial evidence was not sufficient to prove beyond a reasonable doubt that Potts was operating his vehicle while under the influence of intoxicants.

Accordingly, the decision of the trial court is

*Reversed and dismissed.*

Baker, J., and Benton, J., concurred.