COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Fitzpatrick and Senior Judge Hodges
Argued at Alexandria, Virginia


PAUL BOURNE ROSS

v.          Record No. 1839-94-4          MEMORANDUM OPINION[*] BY
                                          JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                       OCTOBER 3, 1995

                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Jane Marum Roush, Judge

          Jerry M. Phillips, (Phillips, Beckwith &
          Hall, on brief), for appellant.

          Linwood T. Wells, Jr., Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     On appeal from his conviction of driving while under the

influence of alcohol in violation of Code § 18.2-266, Paul Bourne

Ross contends the evidence is insufficient.  He argues that his

guilt cannot be based solely on his performance of field sobriety

tests.  We find no error and affirm the judgment of the trial

court.

     At 1:20 a.m. on March 24, 1994, Virginia State Trooper

Charles King, III was working stationary radar on Route 267, the

Dulles Access Road, when he clocked Ross's vehicle coming

"through at 64 miles per hour" in a 55 miles per hour zone.

Trooper King noticed the vehicle had no rear taillights.  He

followed the vehicle approximately one and one-half miles and

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

"got a pace at 68 miles per hour."  He then signaled to the vehicle to pull over.  Ross was driving.

When Trooper King approached the vehicle to ask for the driver's license and registration, he smelled "the odor of alcohol, a strong odor."  Ross stated that he had "3 or 4 drinks at 8:00 p.m., he ate two pieces of pizza, and he drunk some coffee, and had not had any alcohol since."

Trooper King asked Ross to perform some field sobriety tests.  The first test was the "nine steps heel to toe."  While performing that test, Ross "missed . . . eight steps up and six steps back . . . He walked off the line two times up and three times back, swaying some as he was walking."  While performing the second test of a thirty-second leg lift, Ross could lift his leg only two inches off the ground rather than the required six inches and he could hold it up only for twenty-four seconds.  The third test required him to recite the alphabet from A to Z without pausing.  He was unable to do this.  Next, he was required to count backwards from 50 to 40.  "He paused at 40 and 41 for a few seconds, and then he went down past 40 down to 28 . . . ."  Trooper King then arrested Ross for driving while under the influence of intoxicants in violation of Code § 18.2-266.

At trial, Trooper King testified to Ross's performance on the field sobriety tests and his speeding on Route 267, and to his smelling alcohol on Ross's person.  Ross moved to strike the evidence at the close of the Commonwealth's evidence.  The trial

court denied the motion.  Ross then produced two witnesses who testified that when they last saw him at Clyde's Restaurant, he looked and acted normal.  The first witness, a friend of Ross's, testified that they had a pizza together and he saw Ross drink only two beers.  The second witness was a bartender who served Ross two double espressos.  Ross then moved again to strike the evidence because the Commonwealth had presented no evidence that he was under the influence of alcohol while driving his vehicle.  The trial court denied the motion and found Ross guilty.

"In order to convict the defendant [of driving under the influence] it was necessary that the Commonwealth establish two things:  (1) that the defendant was operating or driving a motor vehicle, and (2) that he was under the influence of intoxicants at the time he was driving or operating it."  Potts v. Commonwealth, 12 Va. App. 1093, 1096, 408 S.E.2d 256, 257 (1991) (quoting Nicholls v. Commonwealth, 212 Va. 257, 258, 184 S.E.2d 9, 10 (1971)).  The Commonwealth proved that Ross was driving a motor vehicle because he was stopped on the highway while driving.  Whether a person is under the influence of intoxicants may be proved through chemical analysis.  However, the general standard for determining whether someone is "under the influence" is stated in Gardner v. Commonwealth, 195 Va. 945, 81 S.E.2d 614 (1954).

> Any person who has drunk enough alcoholic
> beverages to so affect his manner,
> disposition, speech, muscular movement,
> general appearance or behavior, as to be

> apparent to observation, shall be deemed to
> be intoxicated.

195 Va. at 954, 81 S.E.2d at 619.  See Va. Code § 4.1-100. "The court . . . trying the case involving a violation of clause (ii), (iii) or (iv) of § 18.2-266 . . . shall determine the innocence or guilt of the defendant from all the evidence concerning his condition at the time of the alleged offense." Code § 18.2-268.10.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The evidence, thus reviewed, supports Ross's conviction.  Ross's consumption of alcohol prior to driving, his inability to perform the field sobriety tests properly, his excessive speeding, and Tooper King's testimony that he smelled a strong odor of alcohol emanating from Ross's person sufficiently established Ross's guilt beyond a reasonable doubt.

We affirm the judgment of the trial court.

Affirmed.