COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Baker and Senior Judge Cole
Argued at Richmond, Virginia


ERNEST CLINTON ROBINETTE

v.   Record No. 1178-95-2               MEMORANDUM OPINION[*] BY
                                         JUDGE MARVIN F. COLE
COMMONWEALTH OF VIRGINIA                    JULY 9, 1996


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      Herbert C. Gill, Jr., Judge

              Keith N. Hurley (Cawthorn, Picard & Rowe, on
              brief), for appellant.

              Steven A. Witmer, Assistant Attorney General
              (James S. Gilmore, III, Attorney General, on
              brief), for appellee.


     The appellant, Ernest Clinton Robinette, was convicted of

driving under the influence of alcoholic beverages or other

self-administered intoxicants and/or drugs, second offense, in

violation of Code § 18.2-266.  On appeal, he contends that the

evidence was insufficient to convict him of the charge.  We

disagree and affirm the conviction.

     We examine the evidence in accordance with the following

standard of review:

              On appeal, we review the evidence in the
              light most favorable to the Commonwealth,
              granting to it all reasonable inferences
              fairly deducible therefrom.  The judgment of
              a trial court sitting without a jury is
              entitled to the same weight as a jury verdict
              and will not be set aside unless it appears
              from the evidence that the judgment is

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> plainly wrong or without evidence to support
> it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

In the case before us, David A. Pritchard, a Chesterfield County police officer, was the only Commonwealth witness. He testified that he was traveling south on Kim Drive in a residential section of Chesterfield County, a posted twenty-five miles an hour zone, when a 1983 Ford Escort driven by appellant came around a curve at about sixty miles an hour. The car drove near the curve and went up on two wheels on the passenger side, then came down and went up on the other two wheels on the driver's side. The vehicle then righted itself and drove in the direction of the officer's car, which Pritchard had pulled to the right as far as possible until his tires touched the curve, and stopped. Appellant's car struck the rear of the officer's vehicle and came to a stop in a ditch. Pritchard activated his police lights. Appellant drove his car out of the ditch and struck a fence post at the entrance of a private driveway. The officer pursued him behind a house on Kim Drive.

Surrounded by fencing, trees and a shed, appellant stopped his car. He got out of the car and ran to the rear of his car and towards the officer's car. Pritchard, unable to stop his car completely, struck appellant, and severely injured one of his legs. The officer arrested appellant.

In searching the Ford Escort incident to the arrest,

Pritchard found approximately twenty open beer cans. Pritchard testified that there was a strong odor of alcohol on appellant's breath. Due to the appellant's injury, no sobriety tests were administered. Appellant was transported to the Medical College of Virginia for medical attention.

Pritchard testified that he obtained the warrant from a magistrate. Waiting for the magistrate, some four hours after the occurrence, Pritchard could still smell alcohol on appellant's breath. The magistrate issued the warrant at 3:00 a.m. on July 23, 1994. This would indicate that the alleged offense occurred at approximately 11:00 p.m. on July 22, 1994.

The record indicates that appellant made some statements to the officer at the scene. He stated to the officer that he had "four beers earlier in the evening" and that he had "smoked some marijuana earlier in the evening." The record does not indicate that any chemical tests were taken.

At the conclusion of the Commonwealth's evidence, appellant made a motion to strike the evidence, asserting that the Commonwealth had the burden to show that his driving was related to his drinking and that it had not done so. Appellant conceded that his driving made out a case of reckless driving, but the drinking of four beers earlier in the evening did not prove driving under the influence in the absence of any chemical or field sobriety testing. The motion was overruled.

Appellant testified in his own defense that someone had

walked in front of his car, which had caused his initial erratic driving. He stated that he did not know that he had struck a police car. He further stated that when he got out of his car, he did not know that a police car was following him. Appellant renewed his motion to strike and the trial court again overruled the motion.

> "In order to convict the defendant [of driving under the influence] it was necessary that the Commonwealth establish two things: (1) that the defendant was operating or driving a motor vehicle, and (2) that he was under the influence of intoxicants at the time he was driving or operating it."

Potts v. Commonwealth, 12 Va. App. 1093, 1096, 408 S.E.2d 256, 257 (1991) (quoting Nicolls v. Commonwealth, 212 Va. 257, 258, 184 S.E.2d 9, 10 (1971)).

It is uncontested that appellant was driving his car. The general standard for determining whether someone is "under the influence" is stated in Gardner v. Commonwealth, 195 Va. 945, 81 S.E.2d 614 (1954).

> "Any person who has drunk enough alcoholic beverages to so affect his manner, disposition, speech, muscular movement, general appearance or behavior, as to be apparent to observation, shall be deemed to be intoxicated."

195 Va. at 954, 81 S.E.2d at 619 (quoting former Code § 4-2(14)).

"The court . . . trying the case involving a violation of clause (ii), (iii) or (iv) of § 18.2-266 . . . shall determine the innocence or guilt of the defendant from all the evidence concerning his condition at the time of the alleged offense."

4

Code § 18.2-268.10.  See also Thurston v. City of Lynchburg, 15 Va. App. 475, 483, 424 S.E.2d 701, 705 (1992).

Evidence at trial in the light most favorable to the Commonwealth, with reasonable inferences deducible therefrom, showed that appellant was intoxicated through his consumption of alcohol and marijuana.  He admitted to Pritchard that he had drunk four beers and smoked marijuana earlier in the evening, but based upon the twenty beer cans in appellant's car and the other evidence presented, the trial court reasonably could have concluded that he had drunk much more than he admitted.

Appellant was traveling at more than twice the posted speed limit in a residential area late at night on wet roads.  He had so little control over his car that at times he drove on only two wheels.  He struck a police car and did not realize that he had done so.  He fled the scene after Pritchard activated his emergency lights.  During the flight, he struck a fence post at a private driveway and did not stop.  He stopped only when trapped.  He then attempted to flee on foot.

Appellant's flight was evidence of consciousness of guilt.  He claimed that he was unaware that the car he struck and the car following him was a police car.  Such an incredible claim permitted the court to infer either that appellant was highly intoxicated at the time or that he was lying to conceal his guilt.  Furthermore, appellant smelled strongly of alcohol at the time of the incident and still smelled of alcohol at least four

5

hours thereafter.

The trial court considered all of the evidence concerning the appellant's condition at the time of the alleged offense and concluded that he was "under the influence" of intoxicants. There is credible evidence in the record to support the judgment of the trial court that appellant was guilty of driving under the influence beyond a reasonable doubt.

We affirm the judgment of the trial court.

<u>Affirmed</u>.