COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Clements and McClanahan
Argued at Salem, Virginia


DONALD VICTOR PICKARD

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0543-04-3          JUDGE RUDOLPH BUMGARDNER, III
                                                    MAY 17, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF BEDFORD COUNTY
James W. Updike, Jr., Judge

Darren Shoen (Office of the Public Defender, on brief), for
appellant.

Susan L. Parrish, Assistant Attorney General (Judith Williams
Jadgmann, Attorney General, on brief), for appellee.


A jury convicted Donald V. Pickard of driving after being declared an habitual offender,

Code § 46.2-357(B)(3), and driving while intoxicated, second offense within ten years, Code

§ 18.2-266.  He contends the evidence was insufficient to prove he was intoxicated when he

drove.  Finding the evidence sufficient, we affirm.

On appeal, we view the evidence and the reasonable inferences therefrom in the light

most favorable to the Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d

781, 786, cert. denied, 540 U.S. 972 (2003).  After doing so, we consider whether "*any* rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

Jackson v. Virginia, 443 U.S. 307, 319 (1979).

At about 5:30 p.m., James Leftwich heard a commotion outside his home.  He saw a

black pickup truck "in the pasture . . . spinning around, trying to get back out into the road."

_____
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Leftwich, an animal control warden, radioed the sheriff's office, and drove to the place where tire tracks showed the truck had broken through a fence and into the pasture field.

Leftwich tried to get the driver to stop, but the driver ignored him and kept trying to get through the fence and up on the highway. The truck could not get sufficient momentum to break through the fence and kept getting entangled in the fence because the field was muddy. The driver came within twenty-five feet of Leftwich, who identified the defendant as the driver. He was alone in the truck and looked "like a wild man" while trying to break out of the field. After about five to eight minutes, the defendant drove over a hill and out of sight. The seventy-acre field was completely enclosed by wire fencing.

Investigator Byrne arrived about five minutes after Leftwich radioed for help. Deputy Shull arrived shortly after that and obtained a description of the driver from Leftwich. Deputy Shull left to cut off the defendant. He drove down a private gravel road that curved around the back of the field. Investigator Byrne and Leftwich went through the field to the truck, which the defendant abandoned at the edge of the woods. The truck had barbed wire and fencing lodged in it. An empty beer can was in the cab, and the keys were still in the ignition. Investigator Byrne searched through the woods, stream, and ravine that separated the field from the gravel road, but he found no one.

Deputy Shull followed the gravel road to its end, turned, and on his way back saw a figure stepping into a row of trees. The deputy asked the person to step out, and the defendant appeared. He was unsteady on his feet and swayed back and forth as he walked. The defendant's eyes were glazed, his speech slurred, his face red. He had cut his wrist, and his clothes were messy. He had a strong odor of alcohol about his person. The defendant admitted to the deputy that the truck, a few hundred feet away in the field, was his.

The defendant concedes that he was intoxicated when Deputy Shull apprehended him. However, he maintains the evidence did not permit a finding that he was intoxicated when he was driving the truck in the field. He relies on Potts v. Commonwealth, 12 Va. App. 1093, 408 S.E.2d 256 (1991).[1]

In Potts, the police reported to the scene of an accident involving the defendant's car. They found the defendant intoxicated behind the wheel. The officer did not recall if the car was running. This Court reversed the conviction for driving while intoxicated because no evidence established who was driving the car at the time of the accident or how much time had passed between the accident and the police arriving. Id. at 1097, 408 S.E.2d at 258. Moreover, if the defendant had been driving before the accident, no evidence established that he was intoxicated at that time. Id. at 1098-99, 408 S.E.2d at 259.

In this case, Leftwich identified the defendant as the driver and described his appearance and manner of driving. The truck left the highway and went through a fence. The defendant was the sole occupant, and looked like a "wild man" while erratically spinning through the field in a frantic and futile attempt to break back through the fence. He refused to stop and eventually drove to the end of the pasture, abandoned his truck, and fled on foot. The truck contained an empty beer can. The defendant was apprehended shortly thereafter, appeared intoxicated, and concedes that he was.

---

[1] The defendant refers to two other cases that are distinguishable. In Fowlkes v. Commonwealth, 194 Va. 676, 74 S.E.2d 683 (1953), the defendant admitted to police at 3:55 p.m. that he drank a few beers in the early afternoon. His conviction of driving under the influence was reversed because the evidence did not establish when the accident occurred. In Coffey v. Commonwealth, 202 Va. 185, 116 S.E.2d 257 (1960), the police found the defendant intoxicated approximately one hour after the accident, and he had drunk whiskey after the accident. The conviction was reversed because the evidence did not establish his condition at the time of the accident. In this case, the evidence established when the defendant drove and his condition at that time. It accounted for the time between his driving and apprehension.

The testimony was illustrated by photographs and a map, which depicted the geographical features and distances involved.  The witnesses described the sequence and relationship of their actions.  Their description of events accounted for the timing of events.  The defendant's appearance and manner of driving in the field resembled his appearance and condition when apprehended.  The evidence accounted for time, distance, and action.

The jury was entitled to decide whether the defendant's admitted intoxication, and the degree of it, could have occurred between his abandoning the truck and his apprehension.  The jury had sufficient facts to permit it to find the interval was too brief to account for the defendant's condition.  Upon doing so, it could reject the claim that the defendant was not intoxicated when observed spinning through the pasture.  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

The evidence was sufficient to support the jury's finding that the defendant was intoxicated when he drove.  Accordingly, we affirm the convictions.

Affirmed.