COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges AtLee, Fulton and Ortiz
Argued by videoconference


DANIEL JAMES STARK

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0458-21-3              JUDGE DANIEL E. ORTIZ
                                                    FEBRUARY 8, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
Stacey W. Moreau, Judge

Robert E. Dean (Rob Dean Law, on brief), for appellant.

Ken J. Baldassari, Assistant Attorney General (Mark R. Herring, [1]
Attorney General, on brief), for appellee.


Circumstantial evidence is just as competent as direct evidence in proving a defendant's

guilt beyond a reasonable doubt.  Appellant Daniel James Stark ("Stark") appeals his felony

conviction and sentence in the Circuit Court of Franklin County ("circuit court").  Stark argues

the circuit court erred because there was insufficient evidence to support his conviction for

felony property damage.  Because Stark argues the charge should have been a misdemeanor, he

also contends the circuit court erred in failing to consider dismissing a misdemeanor charge

under Code § 19.2-151 based on a civil settlement agreement stemming from the same events.

We hold there was sufficient evidence to support Stark's felony conviction.  Therefore, Code

§ 19.2-151 does not apply here.  Accordingly, we affirm the circuit court's judgment.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

BACKGROUND

On September 10, 2018, Stark was indicted for one count of felony property destruction under Code § 18.2-137 for damaging a private roadway that runs through The Coves, a gated residential community located in Franklin County, Virginia, on or around August 19, 2016. Stark owned a single lot of land in The Coves in August of 2016. Leading up to August 19, 2016, Stark had a contentious relationship with Dennis Crumpler ("Crumpler"), The Coves' developer. Crumpler was also The Coves' homeowners' association president and the managing partner of the Family Limited Partnership which owned around 75% of the land in The Coves.

After the August 19, 2016 incident, Crumpler lodged a criminal complaint with the local authorities and a bench trial was held on December 3, 2020. However, before this, The Coves' homeowners' association, Family Limited Partnership, and another company Crumpler was managing partner of brought civil suit against Stark. On March 8, 2018, the parties reached a civil settlement agreement.

At the criminal trial, the testimony revealed that tension between Stark and Crumpler surfaced when Crumpler asked Stark not to ride his ATV around The Coves. The relationship worsened when Stark was not given a gate controller to access The Coves through the front entrance gate. Daniel Muehlfelder, a board member of The Coves' homeowners' association, testified that Stark told him he planned to "drive [Crumpler] crazy" until Crumpler bought Stark's lot back.

On or after August 19, 2016, Crumpler reviewed The Coves' security camera footage from August 19, 2016, which showed what appears to be Stark's black Ford truck spinning its wheels, smoking, weaving, and leaving skid marks near the front gate. After reviewing this footage, Crumpler inspected the roadway and saw single tire marks near the front gate ("the front gate marks") as well as another set of similar marks about a mile down the roadway near Stark's

lot. Crumpler took a photograph of the front gate marks. Muehlfelder testified he inspected the roadway soon after the time of the video footage and found single tire marks in three areas, the front gate marks and two other areas ("the other marks"). He took a photograph of the other marks near Stark's lot, showing multiple sets of long, single tire marks.

Both men testified marks like this were not on The Coves' roadway before August 19, 2016, but could not say for certain when the other marks were discovered. Crumpler testified the road had recently been resurfaced in October of 2015. Muehlfelder testified he observed the other marks, and took the photograph, on either August 19, 2016, or the next day. Crumpler testified he drove through The Coves after the incident and observed the other marks but did not state when he did this.

The Commonwealth presented two experts in support of its case. Both experts observed the damage in three areas and stated they could not repair the total damage for less than $1,000. Burke Zimmerman resealed The Coves' roadway in 2015 and testified he could not have repaired the three affected areas for under $1,000, considering the costs of the sealant and labor. He stated he could not see how others could have done "a quality job" for less than $1,000. Zimmerman recommended The Coves reseal the entire roadway, so the repaired areas were not noticeable.

Barry Hale, the owner of Virginia Paving Company, submitted a bid for $1,700 to repair the three affected areas in August of 2016. However, Hale also recommended The Coves "seal coat the entire roadway at the same time to ensure a consistent color for optimal results." On cross-examination, Hale said it would cost around $600 to only repair the front gate area. Crumpler testified the homeowners' association decided to hire Zimmerman to reseal the entire roadway to preserve aesthetic uniformity for around $12,000. The 2016 invoice for sealcoating shows Zimmerman did the job for $12,045.

At trial, Stark denied intentionally damaging The Coves' roadway. As to the front gate video, Stark first said the vehicle appeared to be his truck, but he did not particularly remember if he was driving on that date. Eventually, Stark stated the evidence made him realize "that had to have been me driving that truck." He testified he knew how to make skid marks but suggested he may have skidded due to wet weather conditions or because he was in a hurry. Crumpler and Muehlfelder testified Stark drove the black Ford truck seen in the video around The Coves. Additionally, as part of the earlier civil settlement agreement, Stark admitted he was driving the truck in the video.

As to the other marks, Catherine Stark, Stark's wife, testified that she and Stark walked the roadway looking for marks after Stark was accused of damaging the roadway. Both Stark and his wife said they found areas of the roadway with "dual tire marks" consistent with construction damage ongoing in The Coves.

The circuit court determined the Commonwealth established, beyond a reasonable doubt, Stark intentionally damaged the roadway in all three areas. In this determination, it relied on the video footage showing Stark's truck spinning its wheels at the front gate, absent any water puddles. It found the evidence of Stark's truck making marks on the same roadway, the time frame when the other marks appeared, and Stark's motive to drive Crumpler crazy sufficient to establish Stark was responsible for the other marks as well. It also found Stark not credible because he "made statements that just did not comport with the video" and because of the incriminating circumstances.

The circuit court found the amount of damage was $1,700 for the three affected areas, relying on Hale's testimony and bid. It refused to attribute the cost of resealing the entire roadway to Stark. Given the damage of $1,000 or more, the circuit court found Stark guilty as charged. On April 8, 2021, the circuit court entered an order sentencing Stark to four years'

incarceration, all suspended, with two years of supervised probation.  Stark now appeals to this Court.

ANALYSIS

A.  <u>There Was Sufficient Evidence to Convict Stark of a Felony Under Code § 18.2-137.</u>

Stark argues the evidence was insufficient to convict him of felony property damage under Code § 18.2-137 because the evidence failed to show (1) his specific intent to make the front gate marks and (2) that he made the other marks.

1.  <u>Standard of Review</u>

When reviewing the sufficiency of the evidence, this Court presumes the trial court's judgment is correct, gives the judgment "the same weight as a jury verdict," and will not disturb it on appeal unless it is "plainly wrong or without evidence to support it."  *Sierra v. Commonwealth*, 59 Va. App. 770, 775 (2012) (quoting *Burrell v. Commonwealth*, 58 Va. App. 417, 433 (2011)); *Smallwood v. Commonwealth*, 72 Va. App. 119, 127 (2020) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)).  "[T[he evidence and all reasonable inferences flowing therefrom must be viewed in the light most favorable to the prevailing party in the trial court . . . ."  *Enriquez v. Commonwealth*, 283 Va. 511, 514 (2012).  Additionally, credibility determinations are "matters solely for the fact finder."  *Crawley v. Commonwealth*, 29 Va. App. 372, 375 (1999).  This Court "will not substitute our judgment for that of the trier of fact, even were our opinion to differ."  *Wactor v. Commonwealth*, 38 Va. App. 375, 380 (2002).  Therefore, the relevant question is "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Smallwood*, 72 Va. App. at 126-27 (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)).

- 5 -

### 2. Code § 18.2-137

Code § 18.2-137 outlines the elements of both misdemeanor and felony property damage. "If any person unlawfully destroys, defaces, damages, or removes without the intent to steal any property, real or personal, not his own," he is guilty of a misdemeanor. Code § 18.2-137(A). However, if the offender intentionally causes injury and the value of or damage to the property is $1,000 or more, the offender is guilty of a felony. Code § 18.2-137(B).

Therefore, to convict a defendant of felony property damage under Code § 18.2-137(B), the Commonwealth must prove (1) a specific person destroyed defaced, damaged, or removed property not his own (2) intentionally and (3) the value of or damage to the property was $1,000 or more. The Commonwealth must prove all three elements beyond a reasonable doubt. *See Crowder v. Commonwealth,* 41 Va. App. 658, 663 (2003). The Commonwealth need not "disprove every remote possibility of innocence, but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt." *Cantrell v. Commonwealth*, 7 Va. App. 269, 289 (1988) (quoting *Bridgeman v. Commonwealth*, 3 Va. App. 523, 526-27 (1986)). Further, "[t]he statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." *Case v. Commonwealth*, 63 Va. App. 14, 23 (2014) (quoting *Taylor v. Commonwealth*, 61 Va. App. 13, 30 (2012)).

### 3. There Was Sufficient Evidence to Prove Stark Intentionally Made the Front Gate Marks.

The Commonwealth presented sufficient evidence to support Stark's conviction of property damage for the front gate marks. First, the evidence proved, beyond a reasonable doubt, it was Stark who made the front gate marks. The security camera video shows a black Ford truck spinning its wheels and weaving near the front gate. In his trial testimony, Stark admitted the truck in the video appears to be his truck. Crumpler and Muehlfelder had seen

Stark driving this same truck around The Coves. Additionally, in the earlier settlement agreement, Stark admitted he was driving the truck in the video. Therefore, the circuit court could find, beyond a reasonable doubt, it was Stark who was driving the truck in the video.

Additionally, sufficient evidence exists to find, beyond a reasonable doubt, Stark intentionally damaged the roadway. Under Code § 18.2-137(B), the Commonwealth must prove a person intended to damage another's property. *Scott v. Commonwealth*, 58 Va. App. 35, 49 (2011). This code section does not criminalize criminally negligent conduct or conduct that merely happens to damage another's property. *Id.* Because direct proof is difficult to obtain, intent is most often shown by circumstantial evidence. *Holloway v. Commonwealth*, 57 Va. App. 658, 665 (2011). Circumstantial evidence of intent, as in questions of identity, is not evaluated in isolation. *Id.* Instead, the "combined forces of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind" to conclude a person intended damage. *Id.* at 666 (quoting *Derr v. Commonwealth*, 242 Va. 413, 425 (1991)).

Here, the video shows Stark's truck weaving, spinning its wheels, and smoking as it slowly enters The Coves through the front gate. The sound of tires skidding can be heard in the video's audio. After around four seconds of spinning and smoking on the asphalt, the truck stabilizes and drives off without damaging the asphalt. From this video, a reasonable trier of fact could find, beyond a reasonable doubt, Stark intended to do damage when he drove his truck in this manner. Further, the Commonwealth presented evidence at trial showing Stark had a motive to intentionally damage The Coves' property. First, evidence demonstrated Stark's ongoing conflict with Crumpler. Additionally, Muehlfelder testified that Stark said he intended to "drive [Crumpler] crazy" until Crumpler bought Stark's lot.

While Stark argued moisture and puddles from rain likely caused the skidding, the circuit court noted the video shows no standing water or puddles on the asphalt. Additionally, the

circuit court was free to determine Stark's credibility. The court found Stark "made statements that just did not comport with the video" and explicitly questioned Stark's credibility. A rational factfinder could find someone would not drive a truck in this way, under the conditions shown in the video, without an intent to do damage. Therefore, there was sufficient evidence to find, beyond a reasonable doubt, Stark intended to damage the asphalt.

   4. There Was Sufficient Evidence to Prove Stark Intentionally Made the Other Marks.

Once Stark's intent to make the front gate marks is established, the Commonwealth must still demonstrate that the damage amounted to $1,000 or more. In this case, the evidence was sufficient to prove that Stark made the other marks, raising the total amount of damage to over $1,000.

In proving the identity of a criminal actor, the Commonwealth may rely on circumstantial evidence. *See Crawley*, 29 Va. App. at 375. A single circumstance, such as the mere opportunity to commit a crime, raises only a suspicion that a defendant is guilty and is not enough to sustain a conviction. *Christian v. Commonwealth*, 221 Va. 1078, 1082 (1981). However, opportunity "reinforced by other incriminating circumstances, may be sufficient to establish criminal agency beyond a reasonable doubt." *Id.* Therefore, circumstantial evidence may prove identity when "circumstances of time, place, motive, means, opportunity, and conduct concur in pointing out the accused as the perpetrator of the crime." *Schlimme v. Commonwealth*, 16 Va. App. 15, 18 (1993) (quoting *Potts v. Commonwealth*, 12 Va. App. 1093, 1097 (1991)).

Here, the Commonwealth presented sufficient evidence for a rational trier of fact to find, beyond a reasonable doubt, Stark intentionally made the other marks. While no video shows Stark making the other marks, Crumpler testified the road was resurfaced in 2015 and had no damage before Stark's truck made the front gate marks. Soon after this incident, Crumpler and Muehlfelder found the other marks near The Coves' back entrance and near Stark's lot.

Muehlfelder photographed the skid marks near Stark's lot. This photograph shows single tire marks similar in length and width to the front gate marks. Additionally, Zimmerman and Hale observed, documented, and testified to "several" and "three" areas of marks, respectively.

The Commonwealth showed Stark had the opportunity to damage the road in these two other areas because the other marks appeared shortly after Stark's truck was caught on video driving erratically on The Coves' roadway. But the Commonwealth did not rely solely on Stark's "mere opportunity" to cause damage in connecting Stark to the other marks. Instead, it presented evidence of multiple other incriminating circumstances.

For example, the Commonwealth's evidence also showed Stark had the knowledge and capacity to make the marks. The video illustrates this, and Stark testified he knew how to make skid marks at the time. Additionally, Muehlfelder testified the other marks were single tire marks like the front gate marks left by Stark's truck. The photograph of the marks near Stark's lot confirms the similarity between the other marks and the front gate marks. The Commonwealth's evidence showed how these marks were distinctive damage to The Coves' roadway, and the video shows how one would need to drive under the conditions—purposely spinning wheels and weaving—to make similar marks. Finally, as discussed above, the Commonwealth presented evidence showing Stark had a motive to damage The Coves' property given his contentious relationship with Crumpler.

While others may have had the opportunity and capacity to make similar marks with their vehicles, the video of Stark actually marking up the roadway during the narrow time frame when the other marks appeared, is a circumstance that is alone far beyond suspicious.[2] Overall, the

_____

[2] Stark and his wife testified there was construction work at The Coves around this time and suggested the construction may have caused the other marks. However, they testified they observed dual tire marks from such construction and acknowledged the front gate marks and the other marks attributed to Stark were single tire marks. While another driver could have made the

Commonwealth presented evidence of Stark's opportunity and know-how, motive to drive Crumpler crazy, and conduct in creating similar, distinctive marks on the same road during the same, narrow time frame. Thus, a rational trier of fact could find, beyond a reasonable doubt, Stark intentionally made the other marks.

Therefore, the Commonwealth presented sufficient evidence Stark intentionally damaged all three areas of the roadway. The circuit court found the damage to all three areas exceeded $1,000 based on Hale's testimony on the fair market cost of repair. Stark does not challenge the circuit court's calculation of damages for all three areas, and the evidence supports the court's determination the amount of damage was $1,700. For these reasons, there was sufficient evidence to support Stark's conviction for felony property damage under Code § 18.2-137.

### B. Code § 19.2-151 Is Not Applicable to a Felony Conviction.

Stark acknowledges the circuit court did not consider Code § 19.2-151's applicability to this case because Stark was convicted of a felony, not a misdemeanor. Under Code § 19.2-151, the court may dismiss a misdemeanor prosecution in its discretion if the injured party received satisfaction for the injury. By its plain language, this code section only applies to misdemeanors. Because we affirm the circuit court's judgment convicting Stark of felony property damage, we find Code § 19.2-151 was inapplicable to Stark's felony prosecution, and do not need to reach the issue of the circuit court's discretionary application of Code § 19.2-151.

---

other single tire marks by spinning and weaving as Stark did near the front gate during the same time frame, the court determined this was not a reasonable hypothesis of innocence under the circumstances. "Whether a hypothesis of innocence is reasonable is a question of fact." *Crawley*, 29 Va. App. at 375. This Court will not disturb the trial court's inferences drawn from proved facts, "so long as the inferences are reasonable and justified." *Cantrell*, 7 Va. App. at 290 (quoting *Higginbotham v. Commonwealth*, 216 Va. 349, 353 (1975)). Here, it was reasonable for the circuit court to conclude that another driver did not spin and weave to mark up other areas of The Coves' roadway during the same time frame.

CONCLUSION

For the foregoing reasons, we affirm the circuit court's decision.

*Affirmed.*